James M. MARX, Plaintiff, Appellant,

v.

**KELLY, HART & HALLMAN, P.C.,
d/b/a Kelly, Appleman, Hart and
Hallman, et al., Defendants, Appellees.**

No. 90–1733.

United States Court of Appeals,
First Circuit.

Heard Dec. 4, 1990.

Decided March 26, 1991.

to the United States District Court for the District of New Jersey, where they then moved to dismiss it pursuant to Fed.R. Civ.P. 12(b)(2) for lack of *in personam* jurisdiction. On January 22, 1990, the district court allowed the motion. Marx's appeal from that dismissal is currently pending before the Third Circuit.

On December 29, 1989, while defendants' motion to dismiss was still pending in the New Jersey district court, Marx filed the present action against the same two defendants in the United States District Court for the District of Massachusetts. Marx says that his purpose in bringing the present action was to toll the statute of limitations in Massachusetts, thus protecting against the possibility that his action in the District of New Jersey would ultimately be dismissed. Marx's complaint in the proceeding below stated, therefore, that,

> [t]his same action is pending in the U.S. District Court of New Jersey and this Complaint is a protective filing as as [sic] a result of a pending Motion to Dismiss by the defendants for lack of personal jurisdiction.

Marx states in his brief on appeal that he "intended to litigate this matter exclusively in New Jersey."

Hale and Dorr filed an answer to the complaint in the District of Massachusetts case on January 16, 1990, and, three weeks later, served its first request for production of documents. In response, Marx did nothing. He neither produced the requested documents, objected to the request, nor sought an extension of time from the district court within which to act. Nor did Marx move, at that time, to stay the case. On March 15th, after Marx had failed to respond in any way to the request within the thirty day period prescribed by Fed.R. Civ.P. 34(b), Hale and Dorr moved to compel production of the documents, pursuant to Fed.R.Civ.P. 37(a)(2). The following day, Marx dismissed his attorney, retained new counsel and notified the district court of the change. At that time, Marx filed a cross-motion to stay the proceedings in the District of Massachusetts, pending resolution of his appeal in the Third Circuit.

Bernard Bressler with whom Robert Brantl and Bressler, Amery & Rothenberg, New York City, were on brief, for plaintiff, appellant.

Jeffrey B. Rudman with whom Peter J. Macdonald, Heidi E. Brieger and Hale and Dorr, Boston, Mass., were on brief, for defendants, appellees Hale and Dorr.

Before BREYER, Chief Judge,
CAMPBELL and CYR, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

The only issue presented in this appeal is whether the district court abused its discretion in dismissing appellant's complaint for failure to comply with discovery orders pursuant to Fed.R.Civ.P. 37(b)(2)(C). Having reviewed the record in this case, we conclude that the judgment of the district court did not constitute an abuse of discretion. We therefore affirm.

I.

In December, 1988, James M. Marx filed a lawsuit in the Superior Court of New Jersey, naming as defendants two law firms, Kelly, Appleman, Hart and Hallman (located in Texas), and Hale and Dorr, a Boston, Massachusetts, firm. Marx alleged that the law firms had incorrectly advised him regarding a stock acquisition, thereby causing him substantial financial losses. The defendants removed the case

On April 30, 1990, the district court denied Marx's motion for a stay and granted Hale and Dorr's motion to compel. The district court's order required Marx

> to serve a response to defendant Hale and Dorr's document request and to produce all requested documents *on or before the close of business on Friday, 5/18/90.*

(emphasis in original). The district court also stated as part of this order,

> Any objections have been waived by failure to serve objections within the time provided by Rule 34(b), Fed.R.Civ.P.

Two days before May 18, 1990—the production deadline established by the court—Marx's lawyer notified Hale and Dorr by letter that the documents would be produced in New York City "on *and after* May 18, 1990" (emphasis supplied). The next day, one day before the deadline established by the court's order to produce, appellant filed another motion, seeking clarification of the court's order and requesting the court to shift the location of production from Boston to New York City.[1]

On May 18, 1990, the final day for production under the court's order, Marx served on Hale and Dorr a document entitled "Response to Hale and Dorr's First Request for Production of Documents," stating that "[t]he documents called for in the Request are available for inspection and copying [in New York City]." However, attached to the response was an appendix identifying over five hundred documents that were being withheld on the grounds of attorney-client privilege. No elaboration or explanation of the privilege claim was provided. On June 8th, Hale and Dorr moved to dismiss the action pursuant to Fed.R.Civ.P. 37(b)(2)(C) for failure to comply with discovery requests. Marx filed an opposition to the motion to dismiss. On June 26th, the district court allowed the motion and dismissed the complaint "by

reason of deliberate failure to obey the Order of the Court."

## II.

▉ The choice of sanctions for failing to comply with an order of the district court lies within the sound discretion of the court. *Spiller v. U.S.V. Laboratories, Inc.*, 842 F.2d 535, 537 (1st Cir.1988). Absent an abuse of discretion, this court will not disturb a district court's dismissal of an action for failure of the plaintiff to comply with court orders. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). The question on appeal is not whether the appellate court would, under the same circumstances, have imposed a more lenient penalty, but whether the district court abused its discretion in imposing the sanction it did. *Velazquez–Rivera v. Sea–Land Service, Inc.*, 920 F.2d 1072, 1075 (1st Cir.1990). A plaintiff who appeals from a Rule 37 dismissal bears a heavy burden of demonstrating that the district judge was clearly not justified. *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 17 (1st Cir.1983).

▉ To be sure, the district court's sanction must be "just." *See* Fed.R.Civ.P. 37(b); *Velazquez–Rivera*, 920 F.2d at 1075. This circuit has stated that "[d]ismissal with prejudice 'is a harsh sanction' which runs counter to our 'strong policy favoring the disposition of cases on the merits.'" *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir.1990) (citation omitted). Nonetheless, the Supreme Court has made it plain that the availability of dismissal as a sanction is essential to deter and penalize egregious conduct. *National Hockey League*, 427 U.S. at 643, 96 S.Ct. at 2781. We believe that the plaintiff's conduct evidenced a deliberate pattern of delay and

---

1. In an order dated June 11, 1990, the district court allowed in part the plaintiff's motion for clarification, outlining three possible locations for production, the offices of Hale and Dorr in Boston, the offices of Marx's local counsel in Boston, or the offices of Marx's counsel in New York City. If the documents were to be produced in New York City, Marx would be required to reimburse the travel expenses of Hale and Dorr attorneys. By the time this order was issued, however, the focus of the dispute had shifted from the place of production to the issue of privilege. Objecting to the withholding of the allegedly privileged documents, Hale & Dorr apparently did not travel to New York to inspect the documents produced.

disregard for court procedures that was sufficiently egregious to incur the sanction of dismissal.

It is evident, and Marx concedes, that he did not wish to proceed in the District of Massachusetts while his New Jersey case was alive. Marx apparently held the mistaken belief that he could simply ignore the former case while he pursued the more conveniently located one in New Jersey. It is true that Marx's Massachusetts complaint styled that action "a protective filing," but simply by affixing that label Marx could not exempt himself from duties prescribed in the Federal Rules.

Marx's first dereliction was to ignore defendant's production request. Under Rule 34(b), he was required to comply with the request or file appropriate objections within 30 days.[2] By doing nothing, Marx engaged in conduct that, without more, was sanctionable. *See* Fed.R.Civ.P. 37(d). After Hale and Dorr moved to compel production, Marx did retain new counsel and move for a stay. On April 30, however, the district court denied the motion for stay, and granted Hale and Dorr's motion to compel. The court also ruled on April 30th that, "Any objections have been waived by failure to serve objections within the time provided by Rule 34(b)." By indicating that "any objections" were waived, this ruling raised an obvious red flag to Marx and his counsel relative to Marx's future right to withhold documents on grounds of privilege.

Nonetheless, Marx persisted in foot-dragging. Although the district court's order gave him three weeks to comply with Hale and Dorr's production request. Marx waited until two days before the final deadline to notify Hale and Dorr that the documents would be made available in New York "on and after May 18, 1990." When Hale and Dorr objected to this arrangement, Marx

sought "clarification" from the court with respect to the location for the production of documents by filing a "Motion for Clarification" on May 17, 1990, the day before the deadline established by the court's order. Neither the May 16th letter to Hale and Dorr, nor the May 17th motion filed with the court, sought clarification with respect to whether—in light of the April 30th order—Marx would be allowed to withhold privileged documents. Nor did they assert an objection to producing privileged documents, or give any indication that it was Marx's intention to withhold documents based on an assertion of privilege.

On May 18, 1990, the final day for the production of the documents, at 5:25 p.m., Marx served via fax a "Response" to Hale and Dorr's document request. Marx's response advised Hale and Dorr that the requested documents would be available for inspection and copying at the offices of Marx's counsel in New York City and listed, for the first time, over five hundred documents that Marx was withholding on grounds of privilege. Obviously regarding this move as the final straw in what had become a series of delaying tactics, the district court granted Hale and Dorr's motion to dismiss Marx's lawsuit under Rule 37(b), citing Marx's "deliberate failure to obey the Order of the Court."

Marx argues that, by making some documents available to Hale and Dorr and by listing the documents withheld on the basis of privilege, he fully complied with Hale and Dorr's request and the district court's production order. In making this argument, Marx relies on Hale and Dorr's explicit exclusion of privileged material from three out of the firm's thirty-seven requests for specific documents.[3] This explicit exclusion in these three requests should, he argues, be interpreted as limit-

---

2. Rule 34(b) provides that, following a production request, the party served must, within 30 days, state "that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated." By not so objecting on privilege grounds to requests deemed objectionable, Marx failed to follow the normal

avenue the Federal Rules provide for raising the issue of privilege.

3. Three of Hale and Dorr's specific requests for documents pertained to meetings and conversations between Marx and his lawyers concerning the Net Operating Losses of Ztel. These included the phrase "to the extent not privileged" or referred to "nonprivileged documents."

ing to nonprivileged materials the scope of all documentary discovery requests. In support of this theory, Marx also points to Hale and Dorr's general instruction requesting that he list all documents withheld on the basis of privilege. He contends that, properly construed, Hale and Dorr's discovery request provided expressly for the holding back of privileged materials; therefore, he had no obligation either to produce the privileged documents or even to explain or justify his assertion of privilege. Privileged documents were, he contends, simply outside the scope of the request.

■ Marx's above argument fails to recognize, however, that the documentary requests and instructions were all drafted at the beginning of the discovery process, *before* Hale and Dorr could know that Marx was not going to respond to its request in a timely and proper way. The fact that, prior to plaintiff's derelictions, defendant might have anticipated the withholding of documents pursuant to a proper claim of privilege, did not allow Marx to short-circuit Rule 34(b) procedures for the raising of objections.[4] Nor can Hale and Dorr be deemed to have surrendered in advance the benefit of the district court's subsequent order of April 30th, ruling that all objections had been waived. Fed.R.Civ.P. 26(b) itself limits the scope of discovery to "any matter, *not privileged*, involved in the pending action ..." (emphasis supplied), but this limit is not self-executing. The burden is on the party asserting a privilege to do so in a timely and proper manner and to establish the existence and applicability of the privilege. Privilege claims may be raised as an objection to a specific documentary production request. *See* Fed.R. Civ.P. 34(b). But the assertion of privilege must be timely and must also be accompa-

nied by sufficient information to allow the court to rule intelligently on the privilege claim. *See id.; Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, 541 (10th Cir. 1984), *cert. dismissed,* 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). Here, plaintiff's assertion of privilege was untimely; ran counter to the court's April 30 waiver order; and was totally uninformative. In context, it gave the appearance of a further stalling tactic rather than a good faith effort to comply with the Rules and the court's April 30 order.

■ Marx argues that the district court's order of April 30th exceeded the court's authority insofar as it determined that all objections had been waived on account of Marx's failure to serve objections within the 30–day period. In particular, Marx says that such an order is invalid if deemed to foreclose later objections on grounds of the attorney-client privilege. We disagree. Fed.R.Civ.P. 34(b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objections. If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections. *See* 4A *Moore's Federal Practice* ¶ 34.05[2] (citing *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540, and *Krewson v. City of Quincy,* 120 F.R.D. 6 (D.Mass.1988)). Marx not only failed to register any objection to the discovery request within the appropriate period following Hale and Dorr's initial request, he subsequently failed to object within the time period defined by the court's order compelling discovery, nor, within that period, did he seek relief from the court's waiver order.[5]

---

4. We add that Hale and Dorr's mention in three of the thirty-seven document requests of the possible exclusion of privileged materials could hardly relieve Marx of the burden of asserting the privilege properly with respect to the other thirty-four requests that did not mention any such possible exclusion. Indeed, that Hale and Dorr explicitly excluded privileged material from only three of its specific requests suggests that it sought, unless otherwise indicated, all other responsive documents.

5. If the forced waiver order were deemed excessive, Marx was under a duty to challenge the order directly, by moving to have it modified, rather than by simply ignoring and violating it as he did. *See, e.g., Vakalis v. Shawmut Corp.,* 925 F.2d 34 (1st Cir.1991) (upholding the district court's sanction of dismissal when party chose to ignore rather than challenge directly the court's order).

## III.

In light of his original failure to respond to the production request and the court's subsequent statement that any objections had been waived, we hold that Marx withheld the privileged documents at his own peril. The district court's conclusion that Marx's tardy assertion of privilege was but one more stalling tactic, taken in bad faith and without intention of compliance, was not unreasonable. We hold that the district court acted within its discretion in imposing dismissal as the sanction.

*Affirmed. Costs to appellees.*