Albert SCHENK, Plaintiff,

v.

MINE MANAGEMENT COMPANY, INC., et al., Defendants.

No. 89–CV–97.

United States District Court, N.D. New York.

Feb. 28, 1992.

Charles J. Engel, Jr., Syracuse, N.Y., for plaintiff.

William W. Dean, pro se.

Richard Calkins, pro se.

Herbert M. Brugh, pro se.

## MEMORANDUM DECISION AND ORDER

McCURN, Chief Judge.

Plaintiff initiated this securities fraud suit in 1989. After a procedural battle in which some defendants were dismissed, the case proceeded into the discovery stage, where it remains today. The instant motion is brought by two defendants, Dean and Calkins, to dismiss due to plaintiff's continued failure to respond to interrogatories. In the alternative, defendants move for the court to issue orders as follows:

1. precluding plaintiff from any presenting proof on designated issues set forth in defendants' interrogatories;
2. directing plaintiff to pay defendants' reasonable expenses incurred in pursuing this motion, in lieu of legal fees;[1]
3. imposing sanctions against plaintiff;
4. extending discovery deadline by six months from the date defendants receive plaintiff's response to their interrogatories;
5. extending the motion deadline by one month beyond the deadline for completion of discovery.

■ The motions arise from plaintiff's alleged continued delay in producing responses to interrogatories. According to defendants, the interrogatories were first served on May 21, 1991, and should have been returned within thirty days, as per Fed.R.Civ.P. 33(a). After continued inexplicable delays, plaintiff and defendants finally entered into a stipulation order, which this court signed on December 5, 1991, directing plaintiff to respond to interrogatories by January 15, 1992. Plaintiff did not comply with the stipulation order, thus prompting defendants to file the instant motions.

In his response papers, plaintiff avers that shortly after defendants filed their instant motions, he served defendants with responses to all of the interrogatories in question. While plaintiff's response would appear to render this motion moot, such is not necessarily the case. Defendants are also pursuing this motion because, in their words, "[d]ue to the ... delay, it is quite possible that information which may otherwise have been available ... may already be lost and, and the least, much more difficult and expensive, if not impossible, to now obtain." Calkins Mem. at 4. Defendants also argue that plaintiff's delay was willful and wanton, and meant to harass them. Finally, defendants point to plaintiff's violation of a stipulation order signed by this court on December 5, 1991, which directed plaintiff to respond to interrogatories by January 15, 1992, in further support of their motion to dismiss or for the alternative relief.

Plaintiff, of course, denies allegations of dilatory conduct, and attributes the delay in responding to defendant's request to the inordinate volume of documents implicated by defendants' request. According to plaintiff, the final product, aside from documents produced, exceeded 90 pages in length. Plaintiff's counsel avers that he made assiduous efforts to meet this court's deadline, and missed by only 8 and 12 days respectively for each defendant.

■ The court will not attempt to referee the parties' swearing contest into whether plaintiff executed good-faith efforts to produce the requested discovery. Defendants now have the requested information, and can proceed with discovery. If the delay has caused some irreparable harm to defendant's ability to prepare their defense, then they can resubmit this mo-

---

1. Defendant's move for costs "in lieu of legal fees" presumably because they are proceeding *pro se,* and as such are ineligible to recover legal fees.

tion to dismiss. As of now, however, defendants presumably have the information they need to proceed in preparing their defense. In light of the recent developments, a dismissal or preclusion order would constitute an unnecessarily drastic remedy under the circumstances. As stated above, if defendants later learn that plaintiff's delays have rendered them incapable of preparing their defense, then they can re-file their motion to preclude or dismiss. For now, however, the motions to dismiss and to preclude are denied without prejudice. The motion for sanctions for dilatory conduct is denied.

As for defendants' motion pursuant to Fed.R.Civ.P. 37(a)(4) to recover costs incurred in bringing on these motions, it is quite clear that these discovery motions would not have been necessary but for plaintiff's non-compliance with this court's December stipulation order, and defendants' discovery requests from *six months* before that. In all, defendants went through inordinate difficulty in getting plaintiff to complete what were his legal duties in the first place. Defendants should not have to bear the costs incurred in pursuing this motion. Accordingly, the court grants to defendants their reasonable and necessary costs incurred in connection with these motions, the same to be determined by the court upon submission by defendants to the court of affidavits of costs, and supporting documentation, within thirty (30) days of the date of this Order.

Finally, the court grants defendants' request for an extension on the discovery and motions deadlines. The time for completion of discovery is extended to December 30, 1992; the time for filing motions is extended to January 30, 1993.

IT IS SO ORDERED.