USA v. Flynn, Charles                    CR-92-18-2-SD 01/04/95

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


United States of America


      v.                                Criminal No. 92-18-2-SD


Charles J. Flynn
 a/k/a Chucky


                         O R D E R


      On three separate and distinct occasions in three and one-
half years, the Court of Appeals has reviewed this court's
application of the Jencks Act, 18 U.S.C. § 3500.

      In the first of these cases, the Court of Appeals suggested
that this court "was more than generous in its interpretation of
what constituted Jencks material."  United States v. Arboleda,
929 F.2d 858, 863 n.8 (1st Cir. 1991).  It cited as an example
that raw notes of an interviewing law enforcement agent which the
agent read back to a prospective witness to check their accuracy
"does not compel the conclusion that the notes were a verbatim
record of [the witness's] words within § 3500(e)(2) of the Jencks
Act."  Id.

      Subsequently, the Court of Appeals upheld this court's
denial of disclosure of "police files including interview notes."

United States v. Sepulveda, 15 F.3d 1161, 1179 (1st Cir. 1993). The stated requirements for disclosure under the Jencks Act were that (1) "a government record of a witness interview must be substantially a verbatim account," and (2) "the account must have been signed or otherwise verified by the witness himself." Id.

The instant case, decided by a panel sharing two of the judges who decided Sepulveda,[1] departs sharply from these prior rulings in favor of a more liberal construction of the scope of the Jencks Act. United States v. Neal, 36 F.3d 1190, 1197-99 (1st Cir. 1994).

More than slightly confused by such disparate rulings, the court has, however, as ordered, held a two-day evidentiary hearing "limited to examining whether the disputed materials contained substantially verbatim recitals of witness statements as defined under subsection (e)(2)." United States v. Neal, supra, 36 F.3d at 1199.[2] At inception and throughout such hearing, counsel for defendant Flynn argued that each trial witness interviewed should be produced in order that testimony might be elicited from such witness as to the scope of any

[1]One of the judges who sat on the Sepulveda panel is also a member of the panels in Arboleda and Neal.

[2]To accommodate other assignments of defendant's counsel, the evidentiary hearing took place on December 5 and 6, 1994. At its close, counsel was allowed, as requested, to December 14, 1994, to file such memos as he desired.

interview to compare such testimony with the report of the interview itself. The court declined this suggestion and limited testimony to those law enforcement agents who interviewed such witnesses.[3]

Testimony was accordingly taken from FBI Special Agents Ralph Gault, Thomas G. Ryan, Jr., and Shaun Rafferty; New Hampshire State Police Troopers Francis Breen, Michael Symmonds, and Colon Forbes; and Hampton, New Hampshire, Police Officer Thomas Lyons. At the request of defendant's counsel, Troopers Breen and Symmonds were recalled for additional testimony. Subsequently, counsel filed a motion to reopen the hearing for the purpose of additional testimony from Special Agents Rafferty and Gault, document 543, but the court on review of this motion herewith denies same.

Each of the witnesses testified in substance that their witness interviews comprised the taking of rough notes which largely paraphrased the remarks of the prospective witness. Language in such notes which was put within quotation marks purported to be the exact words spoken by the witness. Subsequently, these notes were used by the interviewer in the

---

[3]The court gave defendant's counsel a continuing objection to the court's refusal to permit counsel to examine each interviewer with respect to each of the items the interviewer covered with the prospective witness.

3

preparation of a typed formal report.  Thereafter, with the exception of the FBI agents, the rough notes were destroyed.  All materials produced at the evidentiary hearing were marked as exhibits for the review of the Court of Appeals.[4]

At outset, the government, admitting they were Jencks material, produced statements of the witnesses Laura MacPherson, Anita Ramsdell, and Kelly McCoy.  Marked, respectively, as Government Exhibits 3, 4, and 5, copies of these documents were given to defendant's counsel.

The materials returned to this court from the Court of Appeals did not include certain of the materials originally forwarded to that court with the appeal papers.[5]  Accordingly, the government has produced and the court has reviewed the entire "case file" in this massive prosecution.

The court's review of such documents satisfies the court that these materials do not qualify as documents which should be produced pursuant to the Jencks Act in that they could not "fairly be deemed to reflect fully and without distortion what

---

[4]The exhibits thus marked bear the Government Exhibit numbers 1-9.

[5]For example, the returned materials did not include the interviews of witness Linda Sherouse referred to in the appendix to the appellate opinion.  United States v. Neal, supra, 36 F.3d at 1213.  Telephonic communication with the Court of Appeals led to a search which failed to unearth the missing documents.

had been said to the government agent." <u>Palermo v. United States</u>, 360 U.S. 343, 352-53 (1959).

Specifically, the various interviews of the witness Anita Ramsdell by FBI Agent Rafferty, Government Exhibit 6, do not contain the myriad of verbatim details set forth in Government Exhibit 4.  The same is true with respect to the FBI interviews of Laura MacPherson, Government Exhibit 2, and Kelly McCoy, Government Exhibit 1, when compared with their statements set forth in Government Exhibits 5 and 3.

With respect to the witness Richard Ferguson, the FBI interviews of July 2, 1992, Government Exhibit 7, and October 2, 1992, Government Exhibit 8, are repeated almost entirely in Government Exhibit 9, dated September 3, 1992.  Redacted only to remove therefrom inculpation of the defendants in crimes unrelated to this indictment, the copy of Exhibit 9 was given to defendant's counsel for use in the cross-examination of Ferguson at trial.  The unredacted copy, as well as the redacted copy, were furnished to the Court of Appeals for initial review.

Review of the Hampton Police Department report of Officer Lyons concerning the witnesses Linda Sherouse and Joann Kosakowski demonstrates that this report, fairly read, would not qualify as Jencks material.  Originally the report contained statements given by these witnesses to their employer, but same

5

was not available as of the time of trial. Accordingly, the court ordered that the government produce from the employer of said witnesses copies of such statements, and these statements were given to defendant's counsel for their use in cross-examination of these witnesses at trial.

Review of the interviews of the witness Douglas Scamman similarly demonstrates that the reports of these interviews do not qualify as Jencks material. Similarly, review of the various interviews of the witnesses Thomas McQueeney and Brian Raineri satisfy the court that these reports do not fall within the "substantially verbatim" requirements of the Jencks Act.

The court has also reviewed the interview reports of the witnesses Janet Bokuniewicz, Tanya Ferguson, and Rosemary Tabbi. The court finds that these interview reports are similarly not producible under the Jencks Act.

As requested by defendant's counsel, the court has examined the interview reports of all witnesses who testified, not only with respect to the Jencks Act, but also with consideration given as to whether such interviews were producible under the mandate of Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, United States v. Bagley, 473 U.S. 667, 676 (1985), and Giglio v. United States, 405 U.S. 150, 154 (1972). The court finds and rules that the reports do not qualify for production under the requirements

6

of those decisions.

The court has also, with respect to <u>Brady</u> requirements, examined the myriad statements of witnesses who were interviewed but not produced to testify at trial, and finds that these interviews are similarly not producible to the defendants.

While the statements of the witnesses Laura MacPherson, Anita Ramsdell, and Kelly McCoy, Government Exhibits 3, 4, and 5, are clearly Jencks material which should have been produced at an earlier date,[6] the failure to do so, the court finds, equates with harmless error. This is so because the statements are largely repetitive or cumulative of the testimony given by these witnesses at trial, the cross-examination of each witness was extremely effective, and the failure to disclose them at an earlier date was not prejudicial or substantially injurious to the defendants.

Based on its exhaustive review of all documents related to this litigation, the court finds and rules, applying the tests set forth in <u>United States v. Neal</u>, <u>supra</u>, that the documents at issue were not producible under either the Jencks Act or the <u>Brady</u> rules. The court finds that the defendant Flynn was not

---

[6]It is not clear from the record as to why and how these statements were not available at trial. As of trial, the government indicated that they were not in possession of the statements.

entitled to production of such documents, and further finds that he is not entitled to a new trial.

    SO ORDERED.


                                                _____
                                                Shane Devine, Senior Judge
                                                United States District Court

January 4, 1995

cc:   United States Attorney
       United States Marshal
       United States Probation
       Barry P. Wilson, Esq.
       Clerk, US Court of Appeals