Guilmette v. General Electric        CV-95-038-M    02/07/96
                    UNITED STATES DISTRICT COURT FOR THE
                             DISTRICT OF NEW HAMPSHIRE


Eleanor and Richard Guilmette,
        Plaintiffs,

        v.                                          Civil No. 95-38-M

General Electric Company,
        Defendant.


                              O R D E R


        On October 9, 1992, the plaintiffs' (the "Guilmettes") home
was damaged by a fire which they claim originated in their
Hotpoint refrigerator manufactured by the defendant, General
Electric ("GE").  The Guilmettes brought this products liability
action against GE to recover damages caused by the fire.  After
the Guilmettes' expert examined the refrigerator, but before GE's
experts were able to conduct their own inspection, plaintiffs
took it to a local dump for disposal.  GE moves to dismiss the
Guilmettes' claim as a sanction for spoliation of evidence.


                             **Background**

        Other than the cause and point of origin of the fire, the
principal facts are not disputed by the parties.  Shortly after
the fire, the Guilmettes retained counsel who arranged for James
F. Sullivan to examine the premises and refrigerator and to
render an opinion as to the cause and origin of the fire.

Following Sullivan's inspection, the refrigerator, with the exception of what Sullivan believed to be the evaporator fan motor, was discarded at a local dump by Richard Guilmette. GE did not receive notice of the Guilmettes' claim until December 4, 1992 (after the refrigerator was destroyed). Thus, GE was not provided an opportunity to conduct its own examination of the refrigerator. The explanation offered by the Guilmettes for this seemingly reckless act is that they did not receive a telephone message from Sullivan, asking that the refrigerator be preserved pending further examination, until after Richard Guilmette had already disposed of the appliance.

Initially, Sullivan theorized that the evaporator fan motor overheated causing a fire which originated in the freezer, located in the upper section of the appliance. Subsequently, Sullivan conceded that he actually had examined and retained the condenser fan motor which was located at the bottom of the refrigerator. Therefore, neither Sullivan nor the Guilmettes preserved the motor which Sullivan initially blamed for the fire. After recognizing that he had confused the evaporator fan motor and the condenser fan motor, Sullivan authored a revised report on May 17, 1994, in which he opined that the fire originated in the bottom section of the refrigerator and was caused by an unspecified electrical malfunction.

2

## Discussion

### I.   The Court's Authority To Impose Sanctions

In moving for dismissal of plaintiffs' claim due to spoliation of evidence, defendant suggests that the "inherent powers" of this court serve as an appropriate source of sanctioning power.  Defendant also invokes the provisions of Federal Rule of Civil Procedure 37.

Rule 37, however, is not applicable here.  Before a court may levy Rule 37(b)(2) penalties, the party seeking discovery must first have obtained a court order compelling discovery, and the opposing party must have failed to comply with that order. United States v. One 1987 BMW 325, 985 F.2d 655, 660 (1st Cir. 1993).  Only when those two conditions precedent have been met may "the gears of the rule's sanction machinery" be engaged. R.W. Intern. Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991).  GE did not seek an order compelling discovery, plaintiffs did not violate such an order, and the court would not be inclined to enter an order compelling production of the appliance everyone agrees was destroyed long ago.  Thus, sanctions under 37(b)(2) are not available.

Nevertheless, in order to ensure the fair, orderly, and expeditious disposition of cases, the court may impose

3

appropriate sanctions where parties destroy evidence. <u>Unigard Sec. Ins. v. Lakewood Engineering & Mfg.</u>, 982 F.2d 363, 368 (9th Cir. 1992); <u>Headley v. Chrysler Motor Corp.</u>, 141 F.R.D. 362, 364 (D. Mass. 1991). "Such broad discretion is reasonable, for without it, the court would be powerless to deal with discovery violations, no matter how flagrant, that do not specifically involve a court order." <u>Lewis v. Darce Towing Co., Inc.</u>, 94 F.R.D. 262, 265 (W.D. La. 1982). While Rule 37 does not literally apply, still, a broad spectrum of remedies remains available to the court, and Rule 37 can and should serve as a guide in determining a fair and just response. <u>Capellupo v. FMC Corp.</u>, 126 F.R.D. 545, 551-552 (D. Minn. 1989).

## II.  The Sanction of Dismissal with Prejudice

The sanction requested by defendant (i.e., dismissal with prejudice) is the "most severe sanction available to the Court . . . . This is an extreme measure, reserved only for the most egregious offenses against an opposing party or court. The Court must consider . . . dismissal as a last resort if no alternative remedy by way of a lesser, but equally efficient, sanction is available." <u>Capellupo</u>, 126 F.R.D. at 552 (citations omitted). Defendant has not requested any lesser alternative sanction. In fact, it asserts that "[a]nything short of dismissal will not remedy the prejudice resulting from Plaintiffs' destruction of

4

their targeted product. . . . Dismissal of this action is the only remedy for the prejudice to General Electric occasioned by Plaintiffs' destruction of the evidence."  Reply to Plaintiffs' Objection to Motion to Dismiss at 2 - 3.  The court does not agree.

Other district courts within this circuit have considered motions to dismiss involving remarkably similar facts, and have concluded that dismissal was not warranted.  See Headley v. Chrysler Motor Corp., 141 F.R.D. 362 (D. Mass. 1991)(manufacturer in products liability action moved to dismiss plaintiffs' claim where plaintiffs allowed automobile to be destroyed after their expert examined it but before the manufacturer could do likewise); Northern Assurance Co. v. Ware, 145 F.R.D. 281 (D. Me. 1993)(manufacturer moved to dismiss various claims where the plaintiff allowed destruction of burned premises without affording defendant an opportunity to examine the home although plaintiff's expert did inspect the site).  In Headley and Northern Assurance, the following factors were considered in fashioning a fair remedy:

    (1)   whether the defendant was prejudiced as a result
          of the [destruction of the evidence];
    (2)   whether the prejudice can be cured;
    (3)   the practical importance of the evidence;
    (4)   whether the plaintiff was in good faith or bad
          faith; and

5

(5) the potential for abuse if the evidence is excluded.

Headley, 141 F.R.D. at 365; Northern Assurance, 145 F.R.D. at 283. Considering those same factors, and given this circuit's "strong policy favoring disposition of cases on the merits," see, e.g., Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10 (1st Cir. 1991), the court does not find that dismissal with prejudice is an appropriate remedy for the difficulties caused by plaintiffs' disposal of the refrigerator. While thoughtless, that disposal does not rise to the requisite level of extreme misconduct. See Figueroa Ruiz v. Alegria, 896 F.2d 645, 647-48 (1st Cir. 1990)(citations omitted). Moreover, a review of factually similar decisions reveals that absent bad faith, dismissal is not a favored sanction for the pre-trial spoliation of evidence. See, e.g., Headley, 141 F.R.D. at 365; Northern Assurance, 145 F.R.D. at 282 n.2; Unigard Security Insurance Co. v. Lakewood Engineering & Manuf. Corp., 982 F.2d 363 (9th Cir. 1992); Capellupo, 126 F.R.D. at 552; Lewis v. Darce Towing Co., Inc., 94 F.R.D. 262, 272 (W.D. La. 1982).

## Conclusion

Plaintiffs' conduct has not been shown to have been extreme misconduct motivated by bad faith rather than simple thoughtlessness and ignorance. Imposition of the harshest

6

available sanction under these circumstances is not warranted. Since GE has requested no other relief, the motion seeking dismissal (document no. 6) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

February 7, 1996

cc:  Philip T. McLaughlin, Esq.
     Dennis L. Hallisey, Esq.
     John R. Crockett III, Esq.