20-2091-cv(L)
Callwood v. City of Kingston

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand twenty-two.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
EUNICE C. LEE,
*Circuit Judges*.

-----------------------------------------------------------------

ANGIE CALLWOOD, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN A.H. AND J.H., JOHNATHON HARDAWAY, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN A.H. AND J.H.,

*Plaintiffs-Appellees*,

v.

No. 20-2091-cv(L), 20-2096-cv(CON)

JAMES MEYER, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, DENISE TIMBROUCK, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, TAMATHA STITT, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE ULSTER COUNTY DISTRICT ATTORNEY'S OFFICE, ROBERT FARRELL, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE KINGSTON POLICE, CITY OF KINGSTON, MICHAEL MILLS, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE KINGSTON POLICE DEPARTMENT, TIMOTHY BOWERS, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE KINGSTON POLICE DEPARTMENT, RICHARD NEGRON, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE KINGSTON POLICE DEPARTMENT, KIRK STRAND, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE KINGSTON POLICE DEPARTMENT, EMILY-CLAIRE E. SOMMER, INDIVIDUALLY AND AS AN AGENT AND EMPLOYEE OF THE KINGSTON POLICE DEPARTMENT,

*Defendants-Appellants.**

-----------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFFS-APPELLEES: STEPHEN BERGSTEIN, Bergstein & Ullrich, New Paltz, NY (Stephen R. Coffey, O'Connell & Aronowitz, Albany, NY, *on the brief*)

FOR COUNTY DEFENDANTS-APPELLANTS: KELLY A. KLINE, Maynard, O'Connor, Smith & Catalinotto, Albany, NY (Adam T. Mandell, Maynard, O'Connor, Smith & Catalinotto, Saugerties, NY, *on the brief*)

FOR CITY DEFENDANTS-APPELLANTS: MICHAEL T. COOK, Cook, Netter, Cloonan, Kurtz & Murphy P.C., Kingston, NY

Appeal from an order of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is in part DISMISSED for lack of appellate jurisdiction, and the order of the District Court is AFFIRMED in part and REVERSED and REMANDED in part.

The Defendants-Appellants in this case are employees of the Kingston Police Department ("City Defendants"), as well as employees of the Ulster

3

County Department of Social Services ("DSS") and of the Ulster County District Attorney's Office ("County Defendants"). They appeal from the June 1, 2020 order of the District Court (Sharpe, J.) denying in part their motion for summary judgment to dismiss, on qualified immunity grounds, a number of claims arising from the February 2014 removal of plaintiffs A.H. and J.H., both minor children, from a hotel room, their placement in foster care, and the arrest of their parents, plaintiffs Angie Callwood and Johnathon Hardaway, for child neglect under New York law. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

## I.      **Appellate Jurisdiction**

The Plaintiffs argue that we lack jurisdiction to review this interlocutory appeal because there are continuing material factual disputes on appeal that preclude us from resolving the issue of qualified immunity. The collateral order doctrine permits us to review a defendant's entitlement to qualified immunity following denial of a motion for summary judgment "only to the narrow extent [it] turn[s] on questions of law." Bolmer v. Oliveira, 594 F.3d 134, 140 (2d Cir.

4

2010).  If a factual determination, including the sufficiency of a plaintiff's evidence to prove particular facts, "is a necessary predicate to the resolution of whether qualified immunity is a bar, review is postponed."  Parkinson v. Cozzolino, 238 F.3d 145, 149 (2d Cir. 2001) (quotation marks omitted).

We conclude that "a factual finding is essential to resolving the issue of qualified immunity" as to all of the Defendants-Appellants except Sergeant Kirk Strand, James Meyer, and Denise Timbrouck.  Kaminsky v. Rosenblum, 929 F.2d 922, 927 (2d Cir. 1991).  With the exception of these three defendants, the Defendants-Appellants either explicitly challenge the Plaintiffs' facts or the sufficiency of the Plaintiffs' evidence, or they rely on arguments based on their own contested version of the facts, rather than "argu[ing] that they are entitled to qualified immunity on the basis of" facts alleged or stipulated to by the Plaintiffs. Franco v. Gunsalus, 972 F.3d 170, 175 (2d Cir. 2020).  The contested facts include: whether the parents could be contacted while they were away from the hotel; whether hotel staff spoke with the children before contacting the Kingston Police Department; the conditions of the children and the hotel room where they were found; whether the officers had an investigative or child welfare–related purpose

for medically examining the children; what evidence influenced the decision to arrest and charge the parents; and whether any evidence was fabricated or withheld by the police or prosecution.

For these reasons, we dismiss the appeal of the claims against all the Defendants-Appellants except for Strand, Meyer, and Timbrouck, who raise purely legal issues over which "we may properly exercise interlocutory jurisdiction." Locurto v. Safir, 264 F.3d 154, 170 (2d Cir. 2001).

**II.    The Merits**

We thus turn to the merits of the claims against the remaining Defendants-Appellants—Strand, Meyer, and Timbrouck.

**A. Sergeant Strand**

The Plaintiffs allege several § 1983 causes of action against Strand, including for: unlawful seizure in violation of the Fourth Amendment in connection with the children's removal from the hotel to the hospital (fifth cause of action); false imprisonment for their confinement in the hotel room and hospital room (third cause of action); conducting an unlawful search and seizure in violation of the Fourth Amendment, arising from the medical examinations of

the children (fourth and seventh causes of action); and deliberate indifference to medical needs in violation of the Fourteenth Amendment,[1] arising from Hardaway's arrest and medical emergency (fourteenth cause of action). We have jurisdiction to review Strand's appeal of the denial of qualified immunity on these claims because the facts relevant to his involvement are undisputed.

We turn first to the Plaintiffs' claims that Strand violated the children's Fourth Amendment rights by removing them from the hotel and the hospital without first obtaining parental consent or judicial authorization and by ordering their medical examinations. According to the record, one or both of the police officers, Mills and Farrell, who were on the scene at the hotel, called Strand— who was then the desk sergeant inside the police department's dispatch room— and informed him that two children had been left alone in a hotel room in disarray, including with human feces in the room, that one of the children had a mental disability; and that the parents could not be reached. Relying on Mills's and Farrell's report of the condition of both the hotel room and the children, as

---

[1] Though the Plaintiffs raised this claim under the Eighth Amendment, we construe it as a Fourteenth Amendment claim because the events at issue involved pretrial detention. See Darby v. Greenman, 14 F.4th 124, 128 (2d Cir. 2021).

well as the parents' supposed inaccessibility, Strand directed that the children be medically examined and removed from the hotel and then ultimately to foster care.

In determining whether Strand was entitled to qualified immunity for his decisions regarding the children, we consider that, under the Fourth Amendment, "exigent circumstances" may justify a government official's removal or medical examination of a child without parental consent or a court order. Southerland v. City of New York, 680 F.3d 127, 156, 161 (2d Cir. 2012); Tenenbaum v. Williams, 193 F.3d 581, 604–05 (2d Cir. 1999). Here, the record does not support the proposition that Strand gained any additional information between the time of the children's removal from the hotel and the time of their removal from the hospital into foster care. Indeed, the Plaintiffs do not identify any updates that Strand received during that period. The limited information Strand possessed at the time he ordered the removal and medical examination of the children "would warrant a person of reasonable caution" to believe that exigent circumstances justified his decision to do so. Tenenbaum, 193 F.3d at 599, 605. Accordingly, we conclude that Strand was entitled to qualified

8

immunity on the Plaintiffs' third, fourth, fifth, and seventh causes of action under the Fourth Amendment, arising from the children's medical examinations and removal from the hotel ultimately into foster care, and we reverse the District Court's denial of qualified immunity as to these claims.

We next consider whether Strand's actions are entitled to qualified immunity on Hardaway's Fourteenth Amendment claim of deliberate indifference to his medical needs (fourteenth cause of action)—a claim over which we have jurisdiction because the facts relevant to his involvement are not in dispute, namely, that Hardaway exhibited signs of a serious medical condition after his arrest, and that an officer who was with Hardaway called Strand (who was not present) and informed him that Hardaway was "faking it." Joint App'x 4224.

At the time of the events in this case (February 2014), this Court's standard as to the relevant prong of a Fourteenth Amendment deliberate indifference claim employed a subjective perspective, i.e., whether the defendant "was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." Caiozzo v. Koreman, 581

9

F.3d 63, 72 (2d Cir. 2009) (notations of alterations omitted), <u>modified by</u> <u>Darnell v. Pineiro</u>, 849 F.3d 17 (2d Cir. 2017).  On the merits, the Plaintiffs point to no record evidence that Strand—who was told merely that Hardaway was "faking" an unidentified medical issue and who was provided with no additional detail about Hardaway's condition—was aware of facts from which an inference of substantial risk of harm to Hardaway could be drawn, or that Strand drew such an inference.  <u>See</u> <u>Caiozzo</u>, 581 F.3d at 71.[2]  Nor have we been pointed to evidence that Strand either observed or had reason to know that "any

---

[2] Since <u>Darnell</u>, in <u>Charles v. Orange Cty.</u>, 925 F.3d 73 (2d Cir. 2019), we explained that:

> [A] detainee asserting a Fourteenth Amendment claim for deliberate indifference to his medical needs can allege either that the defendants <u>knew</u> that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants <u>should have known</u> that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health.

<u>Id.</u> at 87.  Even under the standard announced in <u>Charles</u> and <u>Darnell</u>, however, the result would remain the same.  Strand's information, provided by the officers on the scene, furnished no reason for concern about Hardaway's health.  Accordingly, there is no basis for finding that Strand "should have known[] that [Hardaway's] condition posed an excessive risk to [his] health or safety," <u>id.</u> (quotation marks omitted), or that his failure to intervene was a violation of Hardaway's constitutional rights.

10

constitutional violation [was being] committed by a law enforcement official" against Hardaway. Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). The Plaintiffs have thus failed to show that Strand "acted with deliberate indifference" to Hardaway's medical need. Charles v. Orange Cty., 925 F.3d 73, 86 (2d Cir. 2019). We therefore reverse the District Court's denial of qualified immunity on that cause of action.[3]

In summary, we reverse the District Court's denial of summary judgment as to Strand and remand for entry of judgment for Strand on Plaintiffs' claims of false imprisonment, unlawful medical examinations, and deliberate indifference (third, fourth, fifth, seventh, and fourteenth causes of action).

### B. **Meyer and Timbrouck**

We next turn to the Plaintiffs' third cause of action under § 1983 for false imprisonment against James Meyer and his supervisor, Denise Timbrouck, two County Defendants employed by DSS. This cause of action arises from Meyer's and Timbrouck's roles in removing the children from the hospital to foster care.

---

[3] We note that, at oral argument, Plaintiffs' counsel did not dispute that Strand never actually saw Hardaway. Oral Argument Audio Recording at 23:12–25:56.

11

Meyer and Timbrouck argue that they are entitled to both qualified immunity under federal law and to state immunity under New York Social Services Law § 419, which provides immunity from liability under New York state law for child protective services institutions and their staffs under specified circumstances. The District Court held that, taking Plaintiffs' version of the facts as true, Meyer and Timbrouck were not entitled to immunity under state law or under federal law.

"Conduct that is wrongful under section 1983 cannot be immunized by state law." McClary v. O'Hare, 786 F.2d 83, 85 (2d Cir. 1986) (citing Martinez v. California, 444 U.S. 277, 284 & n. 8 (1980)). "The Supremacy Clause of the Constitution guarantees that state law will not preempt or otherwise erode § 1983 causes of action," Gronowski v. Spencer, 424 F.3d 285, 297 (2d Cir. 2005), and the District Court erred insofar as it applied the state immunity standard to the Plaintiffs' federal claim.[4]

---

[4] The County Defendants misread Preston v. Quinn, 87 F. App'x 221 (2d Cir. 2004), as meaning that New York Social Services Law § 419 conferred immunity with respect to federal claims under § 1983. However, as McClary, Martinez, and Gronowski indicate, the New York statute does not provide immunity as to a claim brought under § 1983.

12

By contrast, the District Court correctly concluded that, construing the evidence in the light most favorable to the Plaintiffs, as we must, neither Meyer nor Timbrouck is entitled to qualified immunity on the false imprisonment claim under federal law. Before removing the children to foster care, Meyer became aware of exculpatory information that undermined the initial report of child neglect. Meyer nevertheless proceeded to remove the children without providing Timbrouck with that information.[5] It is established that caseworkers are not "free to substantiate a claim of [parental child] abuse . . . by ignoring overwhelming exculpatory information or by manufacturing false evidence." Wilkinson ex rel. Wilkinson v. Russell, 182 F.3d 89, 104 (2d Cir. 1999) (Sotomayor, J.). We have explained that "[a]n investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of abuse." Id. Because there was evidence in the record that Meyer possessed information that cast serious doubt on the report of parental neglect or

---

[5] Specifically, there was evidence in the record that Meyer learned that certain details in the initial report DSS received were incorrect and that the police were alleged to have searched the room.

13

abuse, we agree with the District Court that he was not entitled to qualified immunity at this stage.

We turn finally to the claims against Timbrouck, who was not aware of the exculpatory information. "[I]t is unconstitutional for state officials to effect a child's removal on an 'emergency' basis where there is reasonable time safely to obtain judicial authorization." Tenenbaum, 193 F.3d at 596; cf. N.Y. Fam. Ct. Act § 1026(a) (child removed without court order shall be returned if "there is not an imminent risk to the child's health in so doing" and "every reasonable effort" must be made to communicate with the child's parent). The Plaintiffs claim that Timbrouck participated in removing the children from the hospital to foster care without attempting to contact the parents or seek judicial authorization. Pl.'s Br. 61. Some evidence at summary judgment showed that over an hour passed between DSS's receipt of the initial child neglect report and the children's removal to foster care, thus giving Timbrouck time to seek consent or authorization. We affirm the District Court's denial of qualified immunity for Meyer and Timbrouck.

14

We have considered the Defendants-Appellants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the appeal is in part DISMISSED for lack of appellate jurisdiction, and the order of the District Court is AFFIRMED in part and REVERSED and REMANDED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court