■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE C. LORICK, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered April 3, 1989, convicting defendant after non-jury trial of robbery in the first and second degrees, and sentencing him to concurrent indeterminate terms of imprisonment of 4½ to 9 years and 3 to 6 years, respectively, unanimously affirmed.

Defendant was previously granted a new trial because the trial court erroneously submitted written instructions to the jury. *(People v Lorick,* 142 AD2d 501, *appeal withdrawn* 73 NY2d 785.) We also suppressed the complainant's stationhouse showup identification of defendant, directing an independent source hearing before the case was retried. On remand, at the conclusion of the hearing testimony, the court opined that it was unnecessary to make a ruling, because the complainant could not make an in-court identification, just as he had failed to do at the first trial. In compliance with this court's order, Criminal Term nevertheless ruled that the People had failed to establish by fair and convincing evidence that the opportunity for observation was sufficient to sustain an in-court identification of defendant.

At trial, as at the probable cause hearing, the complainant testified that he was robbed at gunpoint at 8:20 P.M. on January 14, 1986. The incident lasted a matter of seconds. After turning over his wallet to the gunman who faced him, the complainant fled to a midtown bus terminal. There, he reported the robbery to two police officers, who immediately took up pursuit. When the complainant reached a subway exit, he identified defendant and his companion, who were surrounded by police officers. The complainant testified that he recognized defendant, who wore the same clothing as he had minutes earlier.

Defendant's conviction was not against the weight of the evidence. *(People v Bleakley,* 69 NY2d 490.) In particular, there was no inconsistency between defendant's conviction and Criminal Term's earlier ruling that there was no independent source for the precinct showup identification. A finding that an identification witness would not recognize the accused

at the time of trial, had the intervening identification procedure not occurred, does not preclude a determination that all of the circumstances surrounding the crime can establish beyond a reasonable doubt that an out of court identification was reliable. Indeed, the very reason for permitting prompt on-the-scene showups is that the procedures take place when a witness's ability to make an identification is "as fresh and reliable" as possible. *(People v Blake,* 35 NY2d 331, 337.) Concur—Sullivan, J. P., Milonas, Wallach, Ross and Kassal, JJ.