■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM WASHINGTON, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered April 23, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a predicate violent felony offender, to a prison term of 2½ to 5 years, unanimously affirmed. The case is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Defendant contends that his motion to suppress physical evidence should have been granted because the description given to the police of a man with a gun was too general to serve as the predicate for a stop and frisk, and because defendant did not, in any event, fit the description. We find that the hearing court properly denied the motion. The police conduct was justified, based as it was upon information provided by an identified individual who approached them and gave a description that included defendant's age, height and

outer clothing *(People v Castro,* 115 AD2d 433, 435, *affd* 68 NY2d 850; *People v Bruce,* 78 AD2d 169), as well as the type of weapon he thought defendant was carrying. Defendant was found immediately thereafter in the area indicated by the informant, and was the only person in the vicinity who met the description. The fact that there was a slight discrepancy in his appearance, with respect to his facial hair, does not render the subsequent frisk unreasonable *(People v Fernandez,* 86 AD2d 416, *affd* 58 NY2d 791). Based on the information provided by a known individual, and the fact that defendant substantially met the description, the stop and frisk was reasonable under the circumstances *(People v Bruce, supra).* Concur—Carro, J. P., Kupferman, Asch and Smith, JJ.