■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK ELLIS, Appellant.—Judgment, Supreme Court, Bronx County (Ivan Warner, J.) rendered October 2, 1989, convicting defendant after a jury trial of attempted murder in the second degree, attempted assault in the first degree, robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of imprisonment of 10 to 20 years on the attempted murder and robbery in the first degree convictions, and 3½ to 7 years on the remaining counts, unanimously affirmed.

When the complainant left his girlfriend's building at about 3 A.M., he was confronted by defendant at gunpoint. Defendant demanded money. After a subsequent demand, the complainant turned over $11.00. Defendant, after stating, "I should shoot you", raised his gun to the head of the complainant and fired. When the defendant missed, the complainant ran, and alerted patrolling police. The complainant provided a description of approximate age and size, some physical details, and a general description of clothing. Moments later, defendant was seen exiting an abandoned lot across the street from the scene of the robbery. Given the nature of the crime, when police stopped defendant, they patted him down, felt a bulge, and recovered a handgun. Moments later, the complainant made a confirmatory identification which was proximate to the crime in both time and location. A precinct search of

defendant recovered the exact amount of currency which had been stolen from the complainant.

Viewing the evidence in a light most favorable to the People, and giving due deference to the jury's findings of credibility, we find the defendant's guilt to have been proved beyond a reasonable doubt by overwhelming evidence *(People v Bleakley,* 69 NY2d 490, 494-495). We find no basis to reject the findings of the hearing court *(People v Prochilo,* 41 NY2d 759, 761). The stop was justified by the description of the perpetrator's height, weight, age, clothing and weapon by an identified person *(see, People v Washington,* 182 AD2d 520). The pat-down was reasonable under these circumstances as a precaution taken for the officer's own safety (CPL 140.50 [3]).

The prosecutor elicited on direct examination of the complainant that the complainant had three arrests dating from 1988 and 1989. On cross-examination, defense counsel elicited that the complainant had two prior arrests which had been sealed by court order in 1987. The court precluded further cross-examination, and eventually struck this testimony. CPL 160.60 provides that sealed records pertaining to dismissals of charges are treated as a nullity. That section provides that "[e]xcept where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution." Defense counsel did not controvert that and no unsealing order had ever been sought. It was not error for the prosecutor to fail to disclose such confidential information, nor was it error for the complainant to deny the existence of prior arrests during direct examination.

Since the sealing order was dated 1987, and the present crime occurred in 1989, we can conceive of no possible circumstance under which the present prosecutor could rely on those sealed records to negotiate a cooperation agreement with the complainant. We reject defendant's contention that he thereby was deprived of exculpatory material.

Defendant has failed to preserve his contention raised on appeal, that the court's final instructions shifted the burden of proof *(People v Jackson,* 76 NY2d 908), and we decline to review in the interest of justice. If we were to review, while we would criticize the language that it is for the jury "to determine what is the truth in this court" *(see, People v Pippin,* 67 AD2d 413, 418), we would find that given the overwhelming evidence in the present case, there is no reasonable likelihood that this phrasing actually served to shift the

burden of proof. We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Kassal, JJ.