OPINION OF THE COURT
John A.K. Bradley, J.,
The People have brought motions for orders that the records of cases formerly pending against Clark M. Clifford and Robert A. Altman remain unsealed.* The case against Altman resulted in a five-month trial which ended in a verdict of not guilty. The case against Clifford was subsequently dismissed on the People’s motion. Immediately after the verdict, the trial Assistant District Attorney orally moved that sealing be stayed. This court stayed sealing for 90 days and specified that any further stay must be applied for in a written motion made before the ninetieth day. The People duly brought this motion. At the same time, they moved that the record of the case against Clifford, which had not then been dismissed, remain unsealed.
This motion is governed by the provisions of CPL 160.50 which read in part as follows:
"1. Upon the termination of a criminal action or proceeding against a person in favor of such person * * * unless * * * *1012 the court * * * determines that the interests of justice require otherwise * * * the record of such action or proceeding shall be sealed * * *
"(c) all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest and prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office shall be sealed and not made available to any person or public or private agency; and
"(d) such records shall be made available to the person accused or to such person’s designated agent, and shall be made available to * * * (ii) a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it.”
In recent years, the New York Court of Appeals has rendered three decisions that illuminate the meaning of the statute. The New York Court of Appeals, after referring to the laudable goal of the sealing statute, held that its "broad thrust” was such that the few exceptions to the sealing statute did not justify making the records available to the Grievance Committee after an attorney had been acquitted. (Matter of Hynes v Karassik, 47 NY2d 659, 663, supra.)
In Karassik (supra), the Court of Appeals permitted the Grievance Committee to use tape recordings which had been introduced into evidence at the trial, holding that these were not "official records and papers” protected by the sealing statute. A subsequent decision, however, broadened the sealing rule and held that tapes that had been used as evidence in a criminal trial in which the defendant was acquitted are subject to the sealing order. (Matter of Dondi, 63 NY2d 331.) The Court held (at 337) that CPL 160.50 mandates the sealing of " 'all official records and papers * * * relating to the arrest or prosecution * * * on file with * * * any court, police agency, or prosecutor’s office’ ” (emphasis added in Matter of Dondi). Describing this as a "broad and inclusive statement” the Court held that it included the tape recordings. (Matter of Dondi, supra, at 337.)
The Court of Appeals has had occasion once again to stress that records of criminal cases that are once sealed must remain sealed except in the limited circumstances set forth in *1013 CPL 160.50. (Matter of Joseph M., 82 NY2d 128 [decided Oct. 14, 1993].) In that case, the New York City Board of Education sought an order unsealing criminal court records as well as releasing the prosecutor’s file and the physical evidence. The trial court granted the application, concluding that despite the lack of specific statutory power it had inherent discretionary power to unseal records " 'in extraordinary circumstances in the interests of fairness and justice’ ” (at 130). The trial court held that the Board had " 'demonstrated a compelling need to unseal the records because it cannot obtain the information elsewhere and it needs the records to conduct the disciplinary proceeding’ ” (at 130-131). The Appellate Division affirmed, holding that " ' "without an unsealing of criminal records, the ends of protecting the public through investigation and possible discipline * * * cannot be accomplished” ’ ” (at 131). The Court of Appeals reversed, noting the statute’s "evident intent to limit the exceptions to persons or groups having some association with law enforcement” (at 133).
The District Attorney has set forth in his motion papers "a partial listing” of other proceedings which, he contends, cannot be fairly and effectively resolved without resort to the record in question:
1. The case against the three codefendants on the instant indictment.
2. Cases against the same three people and three others on related accusatory instruments. (The case against two of these have now been resolved. The District Attorney has provided the court with an affidavit, submitted under seal, which sets forth steps being taken in relation to the other four.)
3. Civil actions initiated by the First American Trustee on behalf of First American against individuals in Abu Dhabi, and against Clifford and Altman.
4. A demand for indemnification for legal fees made by Clifford and Altman.
5. Proceedings to enforce sentences imposed on two persons who pleaded guilty to related accusatory instruments and then testified as People’s witnesses at the Altman trial.
6. A continuing investigation by the Grand Jury that returned the instant indictment and that is still in session.
7. A civil complaint against Clifford and Altman by the Federal Reserve Board of Governors against Clifford and Altman.
*1014 8. Criminal actions in United States courts against two persons not defendants in the instant indictment.
9. A criminal action in the United Kingdom against a person who testified as a People’s witness at the Altman trial. The People claim that both sides in that action will need access to the record of this case.
10. A criminal action in Abu Dhabi against a number of BCCI officials.
The first issue is whether the power of the court to keep records unsealed is greater than the court’s power to unseal them once they are sealed. The language in the introductory paragraph to CPL 160.50 (1) requires that "upon the termination of a criminal action or proceeding against a person in favor of such person * * * unless * * * the court * * * determines that the interests of justice require otherwise * * * the record of such action or proceeding shall be sealed.”
This court knows of no appellate case that has addressed this issue. That does not mean, however, that the court is without guidance. The three recent Court of Appeals cases (Matter of Hynes v Karassik, Matter of Dondi and Matter of Joseph M., supra) have established that the "statute serves the laudable goal of insuring that one who is charged but not convicted * * * suffers no stigma as a result of his having once been the object of an unsustained accusation” (Matter of Hynes v Karassik, supra, at 662). The sealing requirement has a "broad thrust” (Matter of Hynes v Karassik, at 663) and a "remedial purpose”. Its "broad definition” encompasses an "expansive class” of dispositions. The statute has been construed strictly (Matter of Joseph M., supra, at 132). Its language is mandatory and the Court of Appeals has repeatedly declined to read into it exceptions other than those set forth in the statute.
With this view of the statute having been taken and repeatedly reaffirmed by the Court of Appeals, the scope of the "interests of justice” exception in the introductory paragraph becomes clear. It must permit sealing to be stayed in circumstances beyond the exceptions in CPL 160.50 (1) (d), otherwise the language would not be needed. On the other hand, it could hardly be said that the Legislature intended to create broad exceptions to the sealing requirement whenever the District Attorney is quick to move to stop sealing, but only narrow exceptions when the desire for the records occurs immediately after sealing. Instead it seems to this court that the "interests *1015 of justice” language allows for postponement of sealing so that records and exhibits would be briefly available for purposes that might arise in particular cases, e.g., to enable return of items placed in evidence to their owners, to verify the length of the transcript to permit payment to the court reporters and similar matters. It is highly doubtful that the Legislature intended by the language in the introductory paragraph to permit the exceptions sought by the prosecutor in this motion. Would Karassik, Dondi and Joseph M. (supra) have been decided differently had the court at the criminal trials anticipated these applications and stayed the sealing of the respective records? This court thinks not.
Having concluded that the introductory language to CPL 160.50 gives the court little more scope to keep the records unsealed than it has to unseal the records once they have been sealed, the court must now decide whether the various uses for the record that the District Attorney and others may have justify keeping the record unsealed. In the 10 proceedings listed above that the District Attorney feels cannot be fairly and effectively resolved without resort to this record some clearly would not justify unsealing. Among these are the civil complaints by the First American Trustee and the Board of Governors. Other proceedings might well satisfy a court that justice requires that such records be made available to a law enforcement agency. An example of this category is the continuing investigation by the Grand Jury. Among other proposed uses are criminal prosecutions by public officials in other countries. Since the statute in no way limits the phrase "law enforcement agency” to American officials, appropriate agencies from other countries could, if they satisfy the court that justice requires it, have the record made available to them.
Should the record of the cases against Clifford and Altman be sealed, the court files relating to the other defendants on this indictment would not. The files as to them would remain available with redactions as necessary to references to Clifford and Altman. The warrants as to defendants who have not been brought into the jurisdiction would remain outstanding and could be executed whenever the defendants are found within the jurisdiction.
It is the conclusion of this court after assessing the statute, the cases decided under it and the proposed uses for the record that the record should be sealed and this court will enter a sealing order.
*1016 However, the New York County District Attorney by this motion has clearly made an application sufficient to justify unsealing of the record pursuant to CPL 160.50 (1) (d) (ii). But the record should only be unsealed for the limited purposes of permitting the District Attorney to continue to act in this matter as a "law enforcement agency.” Consequently, the District Attorney may retain the record and exhibits unsealed for the limited purpose of pursuing the criminal cases against the other three defendants named in this indictment, the continuing Grand Jury investigation and criminal prosecutions on the related New York accusatory instruments.
The various law enforcement agencies other than the New York County District Attorney’s office may seek unsealing on their own behalf pursuant to CPL 160.50 (1) (d) (ii). Such applications will be considered on their merits when and if made.
Finally, the District Attorney points out that Clifford and Altman have requested indemnification. Should Clifford and Altman go beyond the simple demand they have made so far and actually bring suit then they would have waived the protections of the sealing statute and the record may be unsealed. (Matter of Abrams v Skolnik, 185 AD2d 407.)
At oral argument, Altman requested the return of certain items in addition to the photographs and fingerprint records mentioned in the statute. Specifically, Altman requested the return of his bank records, records relating to his house and his diaries. Those materials should be returned to him.
The motion to continue the stay of sealing is denied. The records are ordered sealed pursuant to CPL 160.50. The District Attorney’s motion is treated as an application for unsealing pursuant to CPL 160.50 (1) (d) (ii). This application is granted to the extent that the District Attorney may keep and use the records and exhibits now in his office for the limited purposes discussed above. Finally, Altman’s application for the return of certain materials is granted as discussed above.

 The parties have engaged in an initial dispute concerning the proper caption. The caption used by the People, which is the one used on this decision, is appropriate if this application is part of the criminal action. The caption proposed by the opponents of the motion, a caption that commences "In the Matter of * * *” and describes the application, is appropriate if this is a separate civil matter. Where, as here, the records have not been sealed and the application is a continuation of the dispute between the original parties, the above caption is appropriate since the matter is still before the court that tried the criminal action. Where a third party has sought to have the records unsealed, the other caption is appropriate. (Matter of Hynes v Karassik, 47 NY2d 659, 661, n 1, rearg denied 48 NY2d 656.)