■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DIXON, Appellant. [622 NYS2d 3] —Judgment, Supreme Court, Bronx County (Arlene Silverman, J.), rendered March 29, 1993, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Under the standards set forth in *People v Bleakley* (69 NY2d 490, 494-495), viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings on credibility, defendant's guilt was proven beyond a reasonable doubt by legally sufficient evidence, and the verdict was not against the weight of that evidence.

The complainant adequately described the perpetrator's clothing, and recognized the perpetrator's face, when the perpetrator was apprehended in close proximity of time and location to the crime *(People v Clark,* 201 AD2d 332, *lv denied* 83 NY2d 870). The prompt, on the scene, confirmatory identification was made when the complainant's ability to make an identification was " 'as fresh and reliable' as possible" *(People v Lorick,* 173 AD2d 418, 419, *lv denied* 78 NY2d 1128). The nature of the detention was limited *(People v Washington,* 182 AD2d 520, *lv denied* 80 NY2d 840) and necessary to enable the police to "diligently pursu[e] a means of investigation that was likely to confirm or dispel their suspicions quickly" *(Peo-*

*ple v Hicks,* 68 NY2d 234, 241; *see also, People v Bora,* 83 NY2d 531, 535-536).

Since the defendant failed to challenge the reasonable doubt instruction, as well as the supplemental instructions which referred to the jurors' obligation to determine the existence of a reasonable doubt, these claims are unpreserved as a matter of law *(People v Jackson,* 76 NY2d 908), and we decline to review them in the interest of justice. Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ.