■ JACQUELINE WILSON, as Limited Administratrix of the Estate of RODNEY WILSON, Deceased, Respondent, v CITY OF NEW YORK et al., Defendants, and ROBERT GLEASON et al., Appellants. [659 NYS2d 8] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered August 28, 1995, granting plaintiff's motion to unseal the criminal trial testimony of decedent and to produce certain evidence related to the criminal trial, unanimously reversed, on the law, without costs, and the motion is denied. Appeal from the order of the same court and Justice entered on or about August 16, 1996, which granted reargument and thereupon adhered to the prior determination, unanimously dismissed as academic in view of the foregoing.

This is a wrongful death action which stems from the death of decedent as a result of injuries he sustained during an altercation on June 23, 1989 with various correction officers, named as defendants herein, while he was incarcerated at Rikers Island. The correction officers were prosecuted and tried for

the injuries to decedent, for which they interposed justification defenses. Upon the verdict acquitting them of the criminal charges, the transcripts were sealed pursuant to CPL 160.50.

Plaintiff, as limited administratrix of decedent's property, moved to unseal these records for purposes of the present action. In moving for this relief, plaintiff argued a compelling need for the records arising by virtue of the decedent's death, and also argued waiver of the protective application of CPL 160.50 (1) (d) arising from the purported commonality of issues between the justification defenses in the criminal action and the present wrongful death claims. The court below found the decedent had a right to a transcript of his own words that outweighed the protections afforded defendants under CPL 160.50, and directed the unsealing of decedent's trial testimony. The court also directed production of photographs or videos of the scene not available to plaintiff by other means, security and personnel log books, log books of the communications control center for the incident in question, videotapes of searches on the morning of the incident, and related items.

CPL 160.50 employs "mandatory language" (*Matter of Joseph M. v New York City Bd. of Educ.*, 82 NY2d 128, 133) to require the sealing of the records of criminal proceedings that terminated in favor of the accused, absent narrowly defined exceptions. Plaintiff was not the defendant in the criminal proceeding and, hence, is not a party protected by the privilege, nor is he one of the persons or institutions to which the statutory exceptions, allowing for an unsealing order, pertain (CPL 160.50 [1] [d] [i]-[vi]). Nor was the motion court the court that had jurisdiction over the criminal matter, rendering inapplicable the prefatory provisions of CPL 160.50 (1) allowing the criminal court, *sua sponte*, to unseal the record in the interests of justice. Hence, the motion court lacked statutory authority to unseal the records. Further, the court did not fit within the narrow exception conferring unique inherent authority over the records of an original proceeding, which has been limited to the Appellate Division in connection with attorney disciplinary proceedings (*cf.*, *Matter of Joseph M. v New York City Bd. of Educ.*, *supra*; *Matter of Dondi*, 63 NY2d 331, 338; *Matter of Hynes v Karassik*, 47 NY2d 659), upon a showing of compelling need (*cf.*, *Matter of Anonymous*, 164 AD2d 225, *lv denied* 77 NY2d 804), or " 'extraordinary circumstances' " (*cf.*, *Matter of Joseph M. v New York City Bd. of Educ.*, *supra*, at 134). The Court of Appeals has noted that expanding similar inherent authority to other courts "would subvert the plain intendment of the statutory scheme—to establish, in unequivocal manda-

tory language, a *general proscription* against releasing sealed records and materials, subject only to a few narrow exceptions. If there is to be an exception to the general rule * * * upon a showing of 'extraordinary circumstances' * * * it should be created by the Legislature, not by the courts" (*Matter of Joseph M. v New York City Bd. of Educ., supra,* at 134 [emphasis in original]).

Since none of the individuals protected by the statute commenced the civil action, they did not waive its protections (*see, Abrams v Skolnik,* 185 AD2d 407; *Lundell v Ford Motor Co.,* 120 AD2d 575). To the extent that defendant Gleason, by moving for summary judgment independent of this appeal, may have waived his privilege, that claim, which had not been raised in the present proceeding, is not properly before us for review.

Finally, the contention that transcripts are not records falling within the statute's prohibitions is meritless (*Matter of County of Nassau v Heine,* 80 AD2d 640, *lv denied* 53 NY2d 607). Concur—Sullivan, J. P., Nardelli, Williams and Tom, JJ.