**FIRST AMERICAN CORP., et al., Plaintiffs,**

v.

**Sheikh Zayed Bin Sultan AL–NAHYAN, et al., Defendants.**

**Clark M. CLIFFORD and Robert A. Altman, Plaintiffs,**

v.

**FIRST AMERICAN CORP. and First American Bankshares, Inc., Defendants.**

Civil Action Nos. 93–1309 (JHG)(PJA), 95–0877 (JHG)(PJA).

United States District Court, District of Columbia.

May 4, 1998.

Stephen J. Brogan, Mary Ellen Powers, David E. Miller, Jones, Day, Reavis & Pogue, Washington, DC, for First American Corp. and First American Bankshares, Inc.

William H. Jeffress, Jr., Douglas F. Curtis, Timothy J. Preso, Miller, Cassidy, Larroca & Lewin, Washington, DC, for Clifford and Altman.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

These consolidated cases are two of a group of aftershocks generated by the international financial earthquake that was the collapse of the Bank of Credit and Commerce International ("BCCI"). Civil Action No. 93–1309 was brought by plaintiffs (collectively "First American") against 30 defendants alleging a complex course of conduct, and series of transactions, in violation of federal and state law. *See First American Corp. v. Al–Nahyan*, 948 F.Supp. 1107, 1112–15 (D.D.C. 1996) (explaining allegations in fuller detail); *see also First American Corp. v. Al–Nahyan*, 175 F.R.D. 411 (D.D.C.1997). Defendants Clark M. Clifford ("Clifford") and Robert A. Altman ("Altman") are two of the four active defendants remaining in that case.

Civil Action No. 95–0877 was brought by Clifford and Altman against First American for indemnification under Virginia law for the costs of defending against the criminal prose-

cution brought against them by the State of New York. First American has asserted a series of counterclaims roughly tracking its allegations in No. 93–1309 and also challenging the reasonableness of the attorneys' fees paid by Clifford and Altman in their defense of the criminal proceedings.

These cases were consolidated for discovery by Order of November 26, 1996. Subsequently, they were also consolidated for trial, set to commence on October 5, 1998.

Presently pending is Clifford and Altman's motion for reconsideration, in part, of an order by Magistrate Judge Attridge requiring them to produce certain documents arising from the New York criminal proceedings. The crux of the dispute is whether Clifford and Altman have waived the protection from disclosure they may have otherwise enjoyed under a New York statute, assuming federal common law would recognize such a privilege, by filing an indemnification action against First American. Magistrate Judge Attridge concluded that the documents were not shielded, and this Court agrees. The motion for reconsideration must be denied.

### BACKGROUND

Among the many consequences of the momentous collapse of BCCI and related entities was a criminal prosecution brought by the State of New York against Clifford and Altman for their respective roles as officers and directors of, among other entities, First American. Because of Clifford's failing health, the cases against the two were severed. The case against Altman went to trial in March 1993. Certain counts were dismissed by the court during the trial. The remaining counts were submitted to the jury, which acquitted Altman on August 14, 1993. The State subsequently dismissed the pending charges against Clifford. During the pendency of the Altman trial, on June 25, 1993, First American filed its Complaint in Civil Action No. 93–1309.

During the course of discovery in these consolidated cases, First American served document requests on Clifford and Altman seeking, *inter alia*, discovery material Clifford and Altman or their counsel received from the Office of the District Attorney of New York ("DANY") in the course of the criminal proceedings against them.[1] Clifford and Altman refused to produce those materials in reliance upon N.Y.Crim. Proc. L. §§ 160.50, 160.60 ("Sealing Statute"), which provides that the record from a criminal proceeding in which the charges have been dismissed, or in which the defendant has been acquitted, shall be placed under seal. This discovery dispute ensued. Magistrate Judge Attridge resolved it by ordering Clifford and Altman to produce "all documents provided them or their counsel by the New York prosecutor in connection with the criminal proceedings brought against them in New York." *First American Corp. v. Al–Nahyan*, Civ. No. 93–1309 (Order of Sept. 12, 1997). It is that aspect of the Order that Clifford and Altman ask this Court to review.

### DISCUSSION

These cases were referred to Magistrate Judge Attridge for discovery pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. The reference authorized the Magistrate Judge to determine non-dispositive pretrial matters, and his orders are final unless objected to within 10 days or unless this Court determines them to be clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a); DIST. CT. OF D.D.C.R. 503. Clifford and Altman timely raised their objection to one portion of the September 12, 1997 Order. The issues presented by Clifford and Altman's motion involve a mix of legal conclusions and factual determinations. The former are considered *de novo*, and the latter are reviewed for clear error.

#### A. The New York Sealing Statute

The Sealing Statute on which Clifford and Altman rely to resist discovery provides that "[u]pon the termination of a criminal action or proceeding against a person in favor of such person ... the record of such action or

---

1. The documents were requested in both No. 93–1309 (First American's Second Request for Docs. No. 42[sic] [two document requests both bear the number 42]) and 95–0877 (Def.'s First Request for Docs. No. 5)(attached as Exs. 4 and 5, respectively, to Clifford and Altman's Mem.).

proceeding shall be sealed." NYCPL § 160.50(1). The statute further provides that:

> (c) *all official records and papers,* including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, *relating to the arrest or prosecution,* including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency;
>
> (d) such records shall be made available to the person accused or to such person's designated agent, and shall be made available to [certain government agencies in six delineated categories].

NYCPL § 160.50(1)(c),(d) (emphasis added).

That section was supplemented by § 160.60, which provides:

> Upon the termination of a criminal action or proceeding against a person in favor of such person ... the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. *Except where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution.*

NYCPL § 160.60 (emphasis added).

There is no dispute that, as an initial matter, the New York Sealing Statute applies to both Clifford, NYCPL § 160.50(3)(a) (dismissal), and Altman, *id.* § 160.50(3)(c) (acquittal). After the conclusion of the Altman trial, the presiding judge, Justice Bradley, rejected argument that the record of the criminal proceedings against Clifford and Altman should remain unsealed and determined that the Sealing Statute compelled sealing. *See People v. Abedi,* 159 Misc.2d 1010, 607 N.Y.S.2d 862, 865 (N.Y.Sup.Ct. 1994) (Bradley, J.).

## B. Law Applicable to Clifford and Altman's Claim of Privilege

■ Notwithstanding the fact that Clifford and Altman's argument is phrased almost entirely in terms of interpretation of New York law, federal law applies with respect to the pending motion. *See von Bulow By Auersperg v. von Bulow,* 811 F.2d 136, 141 (2d Cir.1987). Specifically, this opinion concerns interpretation and application of Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 501 and 1101 of the Federal.Rules of Evidence.[2] Clifford and Altman argue that the Sealing Statute, which provides that "no such person [protected by the Sealing Statute] shall be required to divulge information pertaining to the arrest or prosecution," NYCPL § 160.60, creates a privilege from non-disclosure in a federal civil action.

■ The evidentiary rule of privilege, FED. R. EVID. 501, applies at all stages of this proceeding, including discovery. *See* FED. R. EVID. 1101(c). Rule 501 provides that the privilege of a person "shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience" unless State law supplies the rule of decision for an element or claim, in which case a claim of privilege will be determined in accordance with State law. *See* FED. R. EVID. 501. Where, as here, evidence claimed to be privileged is relevant to both

---

**2.** Clifford and Altman have suggested that the simplest resolution of this dispute is to give full faith and credit to Justice Bradley's sealing order. *See* 28 U.S.C. § 1738. That argument, however, misses the mark. The sealing order is authorized to extend only to those documents "on file with the division of criminal justice services, any court, police agency, or prosecutor's office." NYCPL § 160.50(1)(c); *see general-*ly *Resolution Trust Corp. v. Castellett,* 156 F.R.D. 89 (D.N.J.) (addressing federalism and comity concerns implicated by subpoena to DANY for documents under a sealing order pursuant to the Sealing Statute), *aff'd,* 1994 WL 411809 (D.N.J., Aug.2, 1994). The documents at issue in this case are those in the possession, custody or control of Clifford and Altman and are outside the scope of Justice Bradley's sealing order.

federal and state law claims,[3] federal common law is applied to claims of privilege. *See von Bulow,* 811 F.2d at 141, 8 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2016 n. 13.

■ Thus the question presented is whether federal common law recognizes the privilege created by the Sealing Statute, and if so, whether Clifford and Altman have waived it. Unlike cases concerning grand jury secrecy, *see Socialist Workers Party v. Grubisic,* 619 F.2d 641 (7th Cir.1980), there is no clear analogue to the Sealing Statute in federal law. *Castellett,* 156 F.R.D. at 95. The federal courts have tended not to expand federal common law privileges to embrace unique state-created privileges. *See, e.g., United States v. One Parcel of Property,* 930 F.2d 139, 140–41 (2d Cir.1991) (admitting evidence in federal forfeiture proceeding over claim of privilege under similar Connecticut sealing statute); 23 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5434 n. 26 (Supp.1998). The Court need not decide the issue, however, because assuming *arguendo* that federal common law would recognize a Sealing Statute privilege coextensive with that created by New York law, even under New York law, Clifford and Altman have waived that privilege.

### C. Whether the Documents At Issue Fall Within the Scope of the Sealing Statute

First American seeks documents in Clifford and Altman's possession provided by DANY such as "pleadings, correspondence, witness statements, and other documents." First Am. Opp'n at 2. First American argues that Clifford and Altman have no basis for claiming a privilege as to some or all of these because they are not "official records relating to the arrest or prosecution" of Clifford and Altman protected by NYCPL § 160.50, nor are they "information pertaining to the arrest or prosecution" under NYCPL § 160.60. Clifford and Altman respond that the scope of the "information pertaining to the arrest or prosecution" in § 160.60 is at least equal to the "official

records" subject to sealing under § 160.50(1)(c), if not greater, and therefore they cannot be forced to produce the documents at issue in this dispute.

It is clear that § 160.60 operates to allow a person protected by the Sealing Statute, as defined in § 160.50(1)(d) (hereafter a "protected individual"), to truthfully state on an application for employment, or even under oath in a court of law, that no arrest or prosecution took place. *See, e.g., People v. Ellis,* 184 A.D.2d 307, 584 N.Y.S.2d 569, 570 (N.Y.App.Div.1992). But whether the "information" identified in § 160.60 extends significantly beyond divulging the fact of the arrest or prosecution to any and all records pertaining thereto in the protected individual's possession, custody or control has not been addressed by the courts of New York.

■ Nonetheless, the Court agrees with Clifford and Altman that the Sealing Statute would be eviscerated if documents in the possession, custody or control of a protected individual could be freely discovered while duplicates of the same documents in the possession of New York law enforcement agencies are under seal. Thus, under New York law, *absent conduct that would constitute a waiver of the Sealing Statute's protections by a protected individual,* if a document is an "official record" under seal under § 160.50, a protected individual is entitled to rely on § 160.60 to resist a subpoena or document request for identical copies of the document to the same extent as an agency subject to the sealing order would. Therefore, assuming federal common law would recognize a privilege coextensive with the one created by the Sealing Statute, Clifford and Altman would be entitled to withhold documents in their possession, custody and control that qualify as "official records" under § 160.50.

Two other issues merit brief mention. First, First American argues that even if Clifford and Altman are entitled to rely on the Sealing Statute, Rule 34 of the Federal Rules of Civil Procedure operates to require disclosure of the documents at issue. That

---

**3.** The claims in Civil Action No. 93–1309 feature federal claims under 18 U.S.C. § 1962(b) and (d)

against Clifford and Altman as well as pendent state law claims. *See* Compl. Count I.

argument is unpersuasive.[4] Second, even if Clifford and Altman have a privilege to assert here, they have failed to assert it properly because they have failed to produce a privilege log.[5]

While the absence of a privilege log alone may not merit a finding of waiver; here, where it is clear that not all documents pertaining to the criminal prosecution are protected by the Sealing Statute, the Magistrate Judge's ruling could well be upheld solely on the basis that Clifford and Altman have failed to produce a record that provides any basis for finding that some or all of the documents at issue are covered by the Sealing Statute. However, as is discussed *infra*, because Clifford and Altman waived the protections of the Sealing Statute, the Court need not decide whether the absence of a privilege log alone is sufficient to affirm the ruling.

4. The Sealing Statute contemplates that a protected individual can be compelled to divulge information about his arrest or prosecution "where specifically required or permitted by statute." NYCPL § 160.60. First American argues that Rule 34 is such a statute, or, if it is not, that as a federal statute it preempts the Sealing Statute's protections.

That argument, however, chases its own tail. The scope of discoverable material under the Federal Rules of Civil Procedure does not extend to privileged materials. *See* FED. R. CIV. P. 26(b)(1); FED. R. CIV P. 34(a)(1); *von Bulow*, 811 F.2d at 141. Therefore, even if Rule 34 were a sufficiently specific statute under § 160.60, if the documents are privileged from disclosure by the Sealing Statute, Rule 34 does not authorize production. Rule 34 is therefore neither a statute that permits nor requires disclosure and there is no conflict between the two statutes such that Rule 34 preempts the Sealing Statute.

5. Assuming Clifford and Altman would initially have been entitled to withhold documents that qualify as "official records," not all documents pertaining to the arrest or prosecution are "official records." *See Harper v. Angiolillo*, 89 N.Y.2d 761, 658 N.Y.S.2d 229, 680 N.E.2d 602, 604–05 (N.Y.1997). To prevail, Clifford and Altman must show that, in the circumstances of their cases, the documents in question qualify as "official records" pertaining to their respective arrests and prosecutions.

Rule 34(b) of the Federal Rules of Civil Procedure requires that if a party objects to a document request "the reasons for the objection shall be stated." Rule 26(b)(5) further explains that the party claiming a privilege shall "make the claim expressly and shall describe the nature of

## D. Whether Clifford and Altman Waived the Protection of the Sealing Statute

Assuming *arguendo* that the documents are within the scope of the Sealing Statute, First American argues that Clifford and Altman, having sued First American for indemnification, have placed in issue the materials that might otherwise be protected by the Sealing Statute and have therefore waived that protection.

■ Clifford and Altman's first response is procedural—they argue that First American, by seeking a finding that Clifford and Altman waived the protections of the New York Sealing Statute, is in fact asking that the documents be unsealed. Clifford and Altman say that argument should be addressed to Justice Bradley. That argument has fared poorly before, and does so again.[6]

the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." FED. R. CIV. P. 26(b)(5); 8 WRIGHT & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2016.1.

In practical terms, this means that the party resisting disclosure must produce some form of privilege log, although the degree of specificity required is dictated by the needs of the case. *See Marx v. Kelly, Hart & Hallman*, 929 F.2d 8, 12 (1st Cir.1991) (assertion of privilege "must also be accompanied by sufficient information to allow the court to rule intelligently on the privilege claim."); *United States v. Exxon Corp.*, 87 F.R.D. 624, 637 (D.D.C.1980); 8 WRIGHT & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2016.1 & nn. 5, 12–20; *cf. Tuite v. Henry*, 98 F.3d 1411, 1416–17 (D.C.Cir.1996) (discussing similar requirement under FED R. CIV. P. 45).

6. This is a replay of the same argument the same parties presented before Judge Satterfield of the Superior Court of the District of Columbia in an action that has been stayed. Judge Satterfield rejected this argument, finding that he had jurisdiction to decide whether the documents should be produced in an action pending before him, *see Clifford v. First American Corp.*, No. 7071–95 (D.C.Super. Ct. Order of June 3, 1996) (attached as Clifford and Altman Mem. Ex. 8). Justice Bradley, in a separate proceeding, made no remark endorsing Clifford and Altman's view of New York law. *See In re Application of First American Corp.*, Pt. 49, No. 1–6994–92 (N.Y.Sup. Ct.) (Hearing Tr. of June 19, 1996) (attached as First Amer. Surreply Mem. Ex. 1).

Presently pending is the question of whether Clifford and Altman are to produce documents in *their* possession, custody or control in *this* action. Whatever order this Court might enter, it would not implicate the New York agencies subject to Justice Bradley's sealing order. The records in the possession of those agencies remain sealed until a New York court says otherwise. But, as to the documents at issue here, even if they may initially fall within the protections of the Sealing Statute privilege, this Court may order those documents to be produced if the privilege has been waived.

As to the merits of the waiver issue, Clifford and Altman next argue, in reliance on two decisions of the New York Court of Appeals, that the privilege created by the Sealing Statute is unwaivable as a matter of law. *See Harper v. Angiolillo*, 89 N.Y.2d 761, 658 N.Y.S.2d 229, 680 N.E.2d 602 (1997); *In re Joseph M.*, 82 N.Y.2d 128, 603 N.Y.S.2d 804, 623 N.E.2d 1154 (1993). Their reliance is misplaced because it confuses legal determinations with equitable determinations. *Harper* and *Joseph M.* concerned delineation of the scope of the legal right created by the Sealing Statute. Nothing in those decisions implicates the power of a court to take cognizance of how that right has been treated by the beneficiaries of the right.

■ With respect to the scope of the legal right, the privilege created by the Sealing Statute is not absolute. *Harper*, 658 N.Y.S.2d 229, 680 N.E.2d at 605. Weighed against a protected individual's interest in sealing the records of criminal proceedings against him are countervailing considerations that require disclosure of otherwise protected records to certain third parties in certain limited circumstances. *Id.* Clifford and Altman are correct that civil litigants seeking discovery of sealed records are not among the exceptions to the Sealing Statute created by the New York Legislature. *See, e.g., Abedi*, 607 N.Y.S.2d at 865 (rejecting the mere interest of First American in the records of the Altman trial as a sufficient basis for not sealing them).

Therefore, absent some conduct by Clifford and Altman that would implicate doctrines, such as waiver, estoppel or unclean hands, the legal right provided by the Sealing Statute required the New York agencies to withhold disclosure of the records at issue and entitled Clifford and Altman to do the same with their copies of those records. *Joseph M.* stands for the proposition that courts lack the "inherent power" to create additional exceptions on the basis of some third party's need for the records that would allow for disclosure. *Joseph M.*, 603 N.Y.S.2d 804, 623 N.E.2d at 1156–57 (court lacks inherent power to disclose records to Board of Education based on Board's showing of need in disciplinary proceeding against acquitted teacher).

But as Justice Bradley expressly recognized in 1994, a court will not turn a blind eye to the conduct of those who benefit from the protections of the Sealing Statute, and the filing of an indemnification action such as Civil Action No. 95–0877 may well be conduct that amounts to an implied waiver of the Sealing Statute's protection. *Abedi*, 607 N.Y.S.2d at 866 ("Should Clifford and Altman go beyond the simple demand they have made so far and actually bring suit [for indemnification from First American] then they would have waived the protections of the sealing statute and the record may be unsealed.").

A determination of waiver does not run afoul of *Joseph M.* because a court finding waiver is not construing the Sealing Statute to permit disclosure, but rather interpreting the conduct of the protected individual(s) to mean that they have foregone the opportunity to rely on the protections the Sealing Statute would otherwise have provided them.[7] Indeed, "[t]his concept of implied

---

7. "[A] waiver is a voluntary and intentional abandonment or relinquishment of a known right." 28 AM. JUR., ESTOPPEL & WAIVER, § 30 (citations omitted). "Generally, parties may agree to waive statutory rights unless a question of public policy is involved, or where rights of third parties, which the statute was intended to protect, are involved." 17A AM. JUR, CONTRACTS, § 256. Unlike grand jury secrecy, which cannot be waived by the target because it serves other policies and interests as well, the Sealing Statute's protections are waivable because the intended beneficiary of the Sealing Statute is the target of an unsuccessful criminal prosecution.

waiver of the privileges set ·forth in [the Sealing Statute] by instituting a civil action that places in issue elements common to both the civil action and criminal prosecution has become firmly established." *Ragland v. New York City Hous. Auth.*, 201 A.D.2d 7, 613 N.Y.S.2d 937, 941 (N.Y.App.Div.1994) (collecting cases).

Clifford and Altman suggest—notwithstanding the fact that *Ragland* was decided after *Joseph M.*—that *Joseph M.* and *Harper* overrule the cases finding that beneficiaries of the Sealing Statute had waived its protections. The assertion is without foundation. Not only is it clear that *Joseph M.* and *Harper* were concerned with construction of the Sealing Statute and oblivious to what sorts of conduct might implicate a waiver, but also, in a case discussed by neither party, the Appellate Division just recently reaffirmed that the waiver doctrine remains fully viable. *See Wilson v. City of New York*, 240 A.D.2d 266, 659 N.Y.S.2d 8, 10 (N.Y.App.Div. 1997).

█ In *Wilson,* the court considered under *Joseph M.* whether a statutory exception to the Sealing Statute existed for a wrongful death plaintiff to obtain records of an unsuccessful criminal prosecution. Deciding that no statutory exception existed, the court went on to consider whether defendants in the civil action had nevertheless waived the protections of the Sealing Statute—expressly contemplating that the waiver doctrine remains viable. *Id.* Accordingly, this Court holds that the Sealing Statute privilege, even

> *See Harper,* 658 N.Y.S.2d 229, 680 N.E.2d at 605 ("The sealing requirement was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused.").

8. Clifford and Altman also argue that even if they waived the privileges of the Sealing Statute, the scope of the waiver is limited to the extent that there are common issues of fact between their indemnification action and the records sought. This Court need not· decide the full extent of the waiver here. Justice Bradley appeared to indicate that the waiver would be fulsome if an indemnification action were to be filed, *Abedi,* 607 N.Y.S.2d at 866, and Judge Satterfield decided that the waiver extended to what appear to be at least some of the same documents sought here. *See Clifford v. First American Corp., supra* n. 6.

if recognized by federal common law, is waivable and that Clifford and Altman waived it by filing their claim(s) for indemnification from First American.[8]

**E. First American's Suggestion for Broadening the September 12, 1997 Order**

In the September 12, 1997 Order, Magistrate Judge Attridge did not give First American everything it had asked for in its motion to compel production of documents; its motion was granted in part and denied in part. One aspect of the motion that was denied was that seeking production of the documents provided by Clifford and Altman *to* DANY. First American, in a footnote, claims this produces an irrational result because the September 12, 1997 Order compels production of those documents Clifford and Altman received *from* DANY while excluding documents Clifford and Altman provided *to* DANY. However, First American did not raise this point with Magistrate Judge Attridge in a motion for reconsideration. The point also was not important enough to First American, when weighed in the strategic balance, to merit a motion to this Court to reconsider the September 12, 1997 Order. Rather, First American simply mentioned in passing in its opposing brief that this Court should "clarify" the September 12, 1997 Order—notwithstanding the fact that that Order expressly denied First American's request in part.

> Whether Magistrate Judge Attridge's decision turned on a finding that the documents sought in the instant proceeding were outside the scope of the Sealing Statute or that Clifford and Altman waived the protection of the Sealing Statute with respect to these documents, he must have determined that the documents were relevant. Clifford and Altman have presented this Court with no basis to suggest that the relevance finding was clearly erroneous.
>
> This is not an invitation to Clifford and Altman to supplement the record on a motion for reconsideration of this Opinion and Order. Clifford and Altman had the burden of demonstrating that Magistrate Judge Attridge's Order is in error, and their opportunity to do so was with the materials presented to support this motion.

Clifford and Altman argue that this Court lacks jurisdiction to even consider First American's argument because its objections to the September 12, 1997 Order were not timely made nor were they made in a proper cross motion. They may be right. *See* 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE & PROCEDURE § 3069 & nn. 11–14, 16 (2d ed.1997). But even assuming this Court has jurisdiction to act on First American's suggestion, the record is simply insufficient to demonstrate that the distinction between documents received from and given to DANY is clearly erroneous. The Court appreciates First American's desire to limit the burden of motions practice on this Court; however, it made a strategic choice not to press this point in a timely fashion and has not developed a record to spur this Court to act *sua sponte.*

### CONCLUSION

Accordingly, upon consideration of the entire record in this matter, it is hereby

**ORDERED** that First American's Motion to File a Surreply Memorandum is GRANTED; and it is

**FURTHER ORDERED** that Clifford and Altman's Motion to Reconsider Magistrate Judge Attridge's September 12, 1997 Order is DENIED; and it is

**FURTHER ORDERED** that Clifford and Altman shall produce the documents in question not later than **May 13, 1998.**

IT IS SO ORDERED.