T.C. Memo. 2015-97

UNITED STATES TAX COURT

PACIFIC MANAGEMENT GROUP, BSC LEASING, INC., TAX MATTERS
PARTNER, ET AL., Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 6411-07 and consolidated cases.[1]      Filed May 26, 2015.

<u>Ernest S. Ryder</u> and <u>Richard V. Vermazen</u>, for petitioners.

<u>Kevin W. Coy</u>, <u>Heather K. McCluskey</u>, and <u>Louis B. Jack</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  Currently before the Court is respondent's Motion to

Compel Production of Documents Responsive to Subpoena Duces Tecum Served

on Steven Dunning (motion).  The issue is whether petitioners have met their

_____

[1]The docket numbers and captions of the 38 cases consolidated herewith are
set forth in the appendix.  <u>See</u> <u>infra</u> p. 10.

**[*2]** burden to establish that the attorney-client privilege applies to documents withheld in response to this subpoena. We conclude that they have not met their burden because the privilege log provided to respondent and the Court is inadequate.

Background

These consolidated cases were tried at the Court's special trial session commencing January 12, 2015, in San Diego, California. The following facts are stated solely for the purpose of deciding this motion and not as findings of fact in this case. See Rule 1(b);[2] Fed. R. Civ. P. 52(a); Cook v. Commissioner, 115 T.C. 15, 16 (2000), aff'd, 269 F.3d 854 (7th Cir. 2001).

Petitioners include numerous individuals affiliated with various entities (collectively, petitioners) that provided engineering services. In 1999 certain petitioners met with Ernest Ryder, an attorney, who described an arrangement designed to minimize their Federal income taxes. Petitioners eventually hired Mr. Ryder to implement this structure. Respondent contends (among other things) that this structure lacked economic substance.

---

[2]All statutory references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated.

**[*3]**  Before trial, respondent served a subpoena duces tecum on Steven Dunning (subpoena), an attorney who for many years had provided legal, corporate, and business advice to petitioners.  See Rule 147.  Mr. Dunning appeared at trial on January 12, 2015, and produced certain documents.  He declined to produce numerous other documents, chiefly emails, on the ground that they were protected by the attorney-client privilege.

Mr. Dunning supplied a privilege log titled "Attorney Client Privileged E-mail Log."  This log consists of a table with four columns.  Column 1, captioned "From," lists the name of the person who sent the email.  Column 2, captioned "To,"  lists the name or email address of the person or persons to whom the email was addressed.  Column 3, captioned "CC," lists the name or email address of the person or persons who were copied on the email.  Column 4, captioned "Email Date Sent," indicates the date and time when the email was sent.  The log is 55 pages long and covers about 2,000 emails.

The privilege log contains no other information.  It does not state the subject of any email; it does not describe the contents of any email; it does not indicate whether documents were attached to any email or what the contents of any such documents were; and it does not describe the purpose for which any email or attached document was created.  Petitioners offered no supplementary evidence at

**[*4]** trial to support application of the attorney-client privilege to any particular email or document.

During trial on January 20, 2015, respondent filed the motion to compel and the parties presented oral argument. At the conclusion of the argument the Court indicated that it would grant the motion because the privilege log supplied by Mr. Dunning was inadequate to sustain the claim of privilege.

## Discussion

Section 7453 provides that Tax Court proceedings are conducted "in accordance with the rules of evidence applicable in trials without a jury in the United States District Court of the District of Columbia." The Federal Rules of Evidence, which incorporate the common law rules of privilege, apply to proceedings in that court. See Fed. R. Evid. 501, 1101.

The attorney-client privilege applies to communications made in confidence (1) by a client to an attorney for the purpose of obtaining legal advice and (2) by an attorney to a client, where the communication contains legal advice or reveals confidential information regarding the client's request for advice. Upjohn Co. v. United States, 449 U.S. 383, 390 (1981); Bernardo v. Commissioner, 104 T.C. 677, 682 (1995); Hartz Mountain Indus., Inc. v. Commissioner, 93 T.C. 521, 525 (1989). The burden of establishing that the attorney-client privilege applies to

**[\*5]** particular communications or documents rests with the party asserting the privilege.  See Bernardo, 104 T.C. at 682; FTC v. Lukens Steel Co., 444 F. Supp. 803, 806 (D.D.C. 1977).

In general, a "blanket assertion of the privilege will not suffice.  Rather, '[t]he proponent must conclusively prove each element of the privilege.'"  In re Lindsey, 148 F.3d 1100, 1106 (D.C. Cir. 1998) (quoting SEC v. Gulf & W. Indus., 518 F. Supp. 675, 682 (D.D.C. 1981)); Bernardo, 104 T.C. at 683.  Rule 45(e)(2) of the Federal Rules of Civil Procedure provides that "[a] person withholding subpoenaed information under a claim that it is privileged" must expressly make the claim and must also "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  See also Fed. R. Civ. P. 26(b)(5).

The Tax Court Rules of Practice and Procedure do not contain specific provisions addressing the issue presented here.  Where as here "there is no applicable rule," the Court may give "particular weight to the Federal Rules of Civil Procedure."  Rule 1(b); see Grandbouche v. Commissioner, 99 T.C. 604, 616-617 (1992).  In practice, this Court has generally required the submission of a privilege log whenever a party asserts the privilege over a large number of docu-

**[*6]** ments.  See Bernardo, 104 T.C. at 683-684; Hartman v. Commissioner, T.C. Memo. 2009-124; cf. Avery Dennison Corp. v. Four Pillars, 190 F.R.D. 1, 1 (D.D.C. 1999) (a privilege log is "the universally accepted means of asserting privileges in discovery in the federal courts").[3]

A privilege log must set forth facts that establish, as to each document, each element of the claimed privilege.  Chevron Corp. v. Weinberg Group, 286 F.R.D. 95, 98 (D.D.C. 2012); Alexander v. FBI, 186 F.R.D. 102, 106-107 (D.D.C. 1998); see Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).  As one court stated, an assertion of privilege requires, at a minimum, the identification of "the authors, dates of preparation, and subject matter of the documents, as well as facts establishing each element of the privilege claim."  United States v. W. Elec. Co., Inc., 132 F.R.D. 1, 3 (D.D.C. 1990).  Without an adequately detailed privilege log, neither a requesting party nor a court can adequately assess whether the privilege has been properly claimed or what the proper scope of the claimed privilege is.  See Chevron Corp., 286 F.R.D. 95, 98 ("Unfortunately, all too many privilege logs

---

[3]This Court has discretion in deciding how to determine whether a privilege has been properly claimed.  The Court may require the parties to submit affidavits, In re Sealed Case, 146 F.3d 881, 886-888 (D.C. Cir. 1998), or privilege logs, Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. RTC, 5 F.3d 1508, 1516 (D.C. Cir. 1993).  The Court may also conduct in camera review, United States v. Zolin, 491 U.S. 554, 572 (1989), and take testimony or receive evidence at trial or an evidentiary hearing.

**[\*7]** would describe the very same document as 'Letter from client to lawyer--attorney client privilege.' That entry is insufficient since there is no indication in the log of why the document was intended to be confidential."); <u>United States v. Constr. Prods. Research, Inc.</u>, 73 F.3d 464, 473-474 (2d Cir. 1996).

An attorney preparing a privilege log must balance the need to show that specific communications are privileged against the risk of inadvertently waiving the attorney-client privilege by disclosing too much information. In assessing the adequacy of a privilege log, a court should be mindful of this consideration. <u>See</u> Fed. R. Civ. P. 26(b)(5)(A)(ii), 45(e)(2)(A)(ii); <u>cf.</u> <u>First Am. Corp. v. Al-Nahyan</u>, 2 F. Supp. 2d 58, 63 n.5 (D.D.C. 1998) ("[A] party resisting disclosure must produce some form of privilege log, although the degree of specificity required is dictated by the needs of the case.").

But where the privilege log supplies no information whatever about the subject of the allegedly privileged communications, the log is plainly inadequate. The log Mr. Dunning supplied does not state the subject of any email; it does not describe the contents of any email; it does not indicate whether documents were attached to any email or what the contents of any such documents were; it does not describe the purpose for which any email or attached document was created; and it includes no facts indicating that any particular communication was intended to be

**[*8]** confidential. It thus fails to establish each element of the attorney-client privilege.

Mr. Dunning is the corporate and general business attorney for petitioners and has long served as their trusted advisor. It is impossible to determine from the privilege log which of the communications to and from Mr. Dunning involve legal advice, as opposed to general business advice or transactional matters that do not entail legal advice. See In re Lindsey, 148 F.3d at 1106 ("[W]here one consults an attorney not as a lawyer but as a friend or as a business adviser or banker, or negotiator * * * the consultation is not professional nor the statement privileged."); Montgomery v. Leftwich, Moore & Douglas, 161 F.R.D. 224, 227 (D.D.C. 1995); W. Trails, Inc. v. Camp Coast to Coast, Inc., 139 F.R.D. 4, 8 (D.D.C. 1991) ("Attorney-client communications concerning business matters are not within the attorney-client privilege.").[4]

_____

[4]As we noted during the oral argument: "[I]n certain circumstances, courts will give lawyers a second shot at establishing privilege by doing a more specific privilege log. * * * Mr. Dunning was here in court on * * * [the first day of trial] when [respondent's counsel] * * * stated his intention to challenge the privilege log as inadequate for lack of detail. Despite that warning, Mr. Dunning has not provided a more specific privilege log." Because we find the privilege log inadequate, we need not address respondent's alternative contention that the attorney-client privilege has been waived. See, e.g., In re Sealed Case, 676 F.2d 793, 809 (D.C. Cir. 1982) ("[A]ny voluntary disclosure by the client to a third party breaches the confidentiality of the attorney-client relationship and therefore

(continued...)

**[*9]**  In sum, we find that Mr. Dunning and petitioners have failed to meet their burden of establishing that the attorney-client privilege properly applies to the documents listed in his privilege log.  See Mead Data Central, Inc. v. U.S. Dept. of Air Force, 566 F.2d 242, 253 (D.C. Cir. 1977); Chevron Corp., 286 F.R.D. at 98; Chesapeake Bay Found., Inc. v. U.S. Army Corps of Engineers, 722 F. Supp. 2d 66, 73 (D.D.C. 2010).  Petitioners have adduced no other reason why these documents should not be produced.  We will therefore grant respondent's motion to compel production of the documents in question.

To reflect the foregoing,

An appropriate order will be issued.

---

[4](...continued)
waives the privilege.").

**[\*10]**                                        APPENDIX

Cory M. Severson & Rochelle Severson, docket No. 6412-07; Pacific Aquascape International, Inc., docket No. 6413-07; Pacific Environmental Resources, Corp., docket No. 6414-07; Mark E. Krebs & Janet B. Krebs, docket No. 6494-07; Johan A. Perslow & Marie Majkgard Perslow, docket No. 6498-07; Pacific Aquascape, Inc., docket No. 6499-07; Curtis Hartwell, docket No. 6592-07; Pacific Advanced Civil Engineering, Inc., docket No. 6593-07; Richard F. Boultinghouse & Loraine Boultinghouse, docket No. 6594-07; Johan A. Perslow, docket No. 6596-07; Johan A. Perslow, docket No. 28655-11; Mark E. Krebs & Janet Torrey B. Krebs, docket No. 29777-11; Pacific Environmental Resources Corporation, docket No. 3264-12; Gary J. Tolosa & Zoila M. Tolosa, docket No. 13818-12; Derek H. Karimoto & Debbie J. Karimoto, docket No. 13819-12; Andrew D. Komor & Summer J. Komor, docket No. 13820-12; Mark E. Krebs & Janet B. Krebs, docket No. 13821-12; Michael G. Krebs & Laura M. Krebs, docket No. 13822-12; James A. Matthews, Jr. & Kristen L. Matthews, docket No. 13823-12; Johan A. Perslow, docket No. 13824-12; Bruce M. Phillips & Laura K. Phillips, docket No. 13825-12; Cory M. Severson & Rochelle L. Severson, docket No. 13826-12; Sonny O. Sim & Emily C. Ang, docket No. 13827-12; Pacific Aquascape California Incorporated, docket No. 5064-13; Sonny O. Sim & Emily A. Sim, docket No. 15201-13; Gary J. Tolosa & Zoila M. Tolosa, docket No. 15202-13; Water Specialty Group Incorporated a.k.a. Water Specialty Group, docket No. 20708-13; Perc Water Corporation & Subsidiaries a.k.a. Perc Water Corporation, docket No. 20709-13; Pacific Environmental Resources Corporation, a Arizona Corporation (Perc), docket No. 20710-13; Michael G. Krebs & Laura M. Krebs, docket No. 21956-13; Mark E. Krebs & Janet Torrey Krebs, docket No. 21957-13; Gary J. Tolosa & Zoila M. Tolosa, docket No. 21958-13; Cory M. Severson & Rochelle L. Severson, docket No. 21959-13; Sonny O. Sim & Emily A. Sim, docket No. 21960-13; Bruce M. Phillips and Laura K. Phillips, Deceased, docket No. 21961-13; James A. Matthews, Jr. & Kristen L. Matthews, docket No. 21962-13; Andrew T. Komor & Summer J. Komor, docket No. 21963-13; Derek H. Karimoto & Debbie J. Karimoto, docket No. 21964-13; and Johan A. Perslow, docket No. 21965-13.